*John H. Stotsenburg* and *Thomas M. Brown,* for appellants.
*John Bott*, for State.

———◆◆———

## MENDENHALL *v.* GATELY.

Promissory notes, as to their validity, nature, interpretation, and effect, must be governed by the laws of the State where they are made.

A complaint, which shows that a note and its indorsements were made in another State, should also set forth the laws of that State, governing the transfer of such note, because this Court will not presume that the laws of another State are similar to those of *Indiana*, but will presume that the common law prevails in such other State.

APPEAL from the *Wayne* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Mendenhall*, as indorser of a promissory note. The note and indorsement are in this form:

"By the first of January next we, or either of us, promise to pay to *Stephen C. Mendenhall* or order 700 dollars for value

received.   Witness our hands and seals this, 8th day of April, 1856.                                JOHN B. FONT, [SEAL.]
                                J. M. YOWELL, [SEAL]."

"For value received, I assign the within note to *John. J. Gately*, waiving notice and demands of the law, April 8, 1856.
                        STEPHEN C. MENDENHALL,
                                By SARGENT P. COFFIN, Att'y."

It is averred, in the complaint, that the note and indorsements were both made at *Marshall* county in the State of *Mississippi;* that *Coffin,* who appears to have signed the name of *Mendenhall,* was, at the time the indorsement was made, his lawfully authorized agent, and that when the note became due the makers, *Font* and *Yowell,* utterly failed or refused to pay the same or any part of it.   That afterwards, on the 16th of *March,* 1857, and prior to the first term after the note matured, the plaintiff sued the makers thereof, in the Circuit Court of said county, and that such proceedings were then and there had, that the then defendants pleaded and set up in bar of the suit, that the note was given in consideration of a certain loom, of which *Mendenhall* claimed to be the patentee, and that the consideration therein had failed; and that the plaintiff duly notified *Mendenhall* of the pendency of said suit, and of the defence set up by the makers of the note, and requested him to furnish evidence to sustain the note; but to do so, he utterly failed and refused; and further the plaintiff avers that at the *March* term, 1858, of said *Marshall* Circuit Court, a judgment was recovered against him in the suit upon said note, and that in the prosecution of that suit he was put to costs and expenses amounting to 150 dollars, (all of which fully appears by a transcript of the record of said suit filed herewith, &c.,) which sum of 150 dollars, together with the amount specified in the note and interest, &c., is due and unpaid, wherefore, &c.

Mendenhall *v.* Gately.

Defendant demurred to the complaint; but the demurrer was overruled and he excepted. The issues were submitted to the Court. Finding for the plaintiff. New trial refused and judgment. The appellant, in his brief, says that the complaint bases the suit on the *Mississippi* judgment and not on the endorsement of the note. This seems to be a mistake. As we understand that pleading, it introduces the proceedings and final judgment on the note, not as the foundation of the present action, but for the purpose of showing that due diligence had been used to collect the note from the makers. The measure of diligence thus used would be sufficient to authorize a recovery against the indorser, under the laws of this State. But the note, as we have seen, was made and endorsed in *Mississippi*, and the endorsement, being a contract, must, "as to its validity, nature, interpretation and effect," be governed by the laws of the State where it was made. Story on Promissory Notes, 173, *et seq.* It follows, the complaint, having alleged that the note and endorsement were made in *Mississippi*, should also have set forth the laws of that State governing the transfer of notes, such as the one in suit, because we are not allowed to presume that in respect to such endorsement the laws of *Mississippi* are similar to those of *Indiana*. *Smith* v. *Blatchford*, 2 Ind. 184; Story on Conflict, sec. 316; *Williams* v. *Wade*, 1 Met. 82, 83. It is true we will presume that the common law is in force in *Mississippi*. *Trimble* v. *Trimble*, 2 Ind. 76; *Johnson* v. *Chambers*, 12 Ind. 102; *Crake* v. *Crake*, at the present term. But the application of that law would not render the complaint, in this case, effective, because under it the note before us is not transferable by endorsement, so as to allow the indorsee to sue the indorser.

It seems to us that the complaint, having failed to set forth any law of *Mississippi* governing the indorsement in question, is insufficient, and should have been so held on de-

murrer. Other points are made by the appellant; but as the complaint, as it stands, contains no sufficient cause of action, they do not properly arise in the record.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings.

*James Perry,* for appellant.

*Bickle & Burchenal,* for the appellee.