## Kenyon and Others *v.* Smith.

Usury—Proving Foreign Statute.—Suit upon promissory notes reserving interest at the rate of ten per cent. Answer that the notes were made and delivered in the State of *New York,* and not in the state of *Michigan,* where they bore date; that by the laws of *New York* seven per cent. interest only could be taken or reserved, and if a greater rate of interest should be reserved, such note was void. Two sections of the law of *New York* were set out, the first fixing the legal rate of interest at seven per cent., and the second providing that when a greater rate "*than as above described*" was reserved, the contract should be void. On the trial of the cause, the second section only of the law of *New York* was given in evidence, and judgment was given for the principal of the notes and interest at the rate of *six* per cent.

*Held,* that as the section of the law of *New York* given in evidence, did not show what the legal rate of interest in that state was, the judgment of the court was not erroneous.

APPEAL from the *Elkhart* Common Pleas.

Elliott, C. J.—Suit by *Smith,* the appellee, against the appel-

lants, on three several promissory notes, executed by the appellants to *Smith*—one for $2,000, and the others for $1,000 each—all dated *April* 1, 1859, and payable two years after date.

Issues of fact were formed and tried by the court, by agreement of the parties. The court found for the plaintiff the amount due upon the notes, computing interest at the rate of *six* per cent.

The notes are all dated "*Edwardsburgh, Cass* county, *Michigan,*" and bear ten per cent. interest.

A motion for a new trial, made by the defendants, was overruled, and judgment upon the finding. The defendants appeal.

The only question presented by the appellants' brief, for the reversal of the judgment, arises upon the finding of the court on the evidence, under the *fourth* paragraph of the defendants' answer. That paragraph alleges that the notes were made and delivered to the plaintiff in the State of *New York*, and not at *Edwardsburgh*, in the State of *Michigan*, as they purported; but that they were so dated for the fraudulent and corrupt purpose of avoiding the usury laws of the State of *New York*. That by the statute of the latter state, in force at the time said notes were executed, *seven* per centum interest per annum, only, could be taken or reserved, and if a greater rate of interest should be reserved, such note or contract is declared to be void. The paragraph sets out what purports to be the *first* and *fifth* sections of an act of the Legislature of the State of *New York*.

The *first* section fixes the rate of interest upon the loan or forbearance of money, &c., at *seven* per cent. The *fifth* section is as follows: "Sec. 5. All bonds, bills, notes, assurances, conveyances, all other contracts or securities whatever, (except bottomry and *respondentia* bonds and contracts,) and all deposits of goods or other things whatever, whereupon, or whereby, there shall be reserved or taken, or secured, or agreed to be reserved or taken, any greater sum or greater value, for the loan or forbearance of any money,

goods or things in action, than as above described, shall be void; but this act shall not affect such paper as has been made and transferred previous to the time the same takes effect."

The evidence is all contained in the record. It shows that a part of the makers of the notes resided in this State, and the others in the State of *Michigan.* The notes were drawn up and signed by all the makers in the State of *Indiana,* and were dated in *Michigan,* and regarded as *Michigan* notes, for the purpose of avoiding the usury laws of *Indiana.* The note for $2,000 was blank, as to the amount, and all of them were blank as to the *day* of their date, and the time (two years) they were to run, and in that condition were delivered to *Solomon N. Chappell,* who, as the agent of the makers, delivered them to the plaintiff in the State of *New York,* where he resided, and received from him therefor, for the makers, the sum of four thousand dollars.

The record shows that the defendants, on the trial, offered and read in evidence the *fifth* section of the statutes of the State of *New York,* as above copied into this opinion. The *first* section set forth in the answer was not given in evidence; nor is there any evidence in the record showing, or tending to show, when the said fifth section was enacted or took effect.

Allowing that, under the circumstances stated, the notes are deemed to have been made in the State of *New York,* where they were *delivered* to the plaintiff, and governed by the laws of that State—a question that we do not decide—still the finding of the Court below was clearly right. The section of the statute given in evidence declares that all bonds, bills, notes, &c., whereby a greater rate of interest is reserved or taken "than as above described," shall be void.

The *rate* of interest referred to, is not stated in that section of the statute, nor was there any evidence before the Court from which the Judge who tried the case could judicially determine such rate. For aught that appears in the evi-

dence, it may have been *ten* per cent.—the amount secured by the note.

We think the court below did not err in its finding, and the judgment must, therefore, be affirmed.

The judgment is affirmed, with ten per cent. damages and costs.

*R. Lowry,* for appellants.

*H. C. Newcomb* and *J. Tarkington,* for appellees.