Smelser *v.* The Wayne and Union Straight Line Turnpike Company.

---

No. 8405.

Smelser *v.* The Wayne and Union Straight Line
Turnpike Company.

Corporations.—*Contract.*—*Estoppel.*—A party who so contracts with a body acting as a corporation, as by implication to recognize the fact of its corporate existence, is estopped to question it collaterally, when sued upon the contract.

Vol. 82.—27

PROMISSORY NOTE.—*Complaint.*—*Evidence.*— *Variance.*—*Endorsement.*—*Consideration.*—*Title.*—A complaint upon a promissory note alleged to have been made to A., and by him assigned by endorsement to the plaintiff, is not supported by proof that A. was the agent of the plaintiff and as such took the note in his own name for the plaintiff upon a consideration moving from the latter.

PRACTICE.—*Pleading.*—*Proof.*—When there are several paragraphs of answer, some in confession and others in denial, the plaintiff can not treat those in confession as dispensing with the proof of facts put in issue by the paragraphs in denial.

From the Wayne Circuit Court.

*I. B. Morris* and *H. U. Johnson*, for appellant.

*W. A. Bickle*, for appellee.

ELLIOTT, J.—No question arises upon the pleadings. The argument of counsel is confined to the questions arising upon the ruling refusing a new trial. Without stating at length the pleadings, which are very voluminous, because of the great and needless particularity with which the appellant stated his matters of defence, we outline the important matters alleged by the contestants. The complaint was in three paragraphs; the answer in nine. The first paragraph of the complaint was upon a promissory note; the second and third sought a recovery for toll alleged to be due from the appellant. One of the paragraphs of the answer was a general denial; another a plea of *nul tiel* corporation, and others set up, at great length, facts showing that the appellee was not a legally organized and existing corporation.

The appellant's theory is, that there was no such corporation as the appellee, and that the finding of the court was, therefore, contrary both to the law and the evidence. The evidence shows an attempt to incorporate under the laws of the State, the exercise of corporate functions, and the assertion of corporate existence, and shows also that the appellant contracted with it as a corporation. He is not now in a situation to deny its corporate existence. *Baker* v. *Neff*, 73 Ind. 68; *Snyder* v. *Studebaker*, 19 Ind. 462. The question as to whether there was or was not a right to exercise corporate

powers, is a question to be litigated in a direct proceeding, and not in this collateral manner. *Mullikin* v. *City of Bloomington*, 72 Ind. 161.

The evidence shows a contract to pay the toll. It is not necessary that there should be an express contract directly recognizing corporate existence; it will be sufficient if the acknowledgment is fairly implied from the contracts and the course of dealing between the parties. A person who deals with an association claiming to be a corporation, and in so doing recognizes its corporate existence, can not escape liability by denying that there was any such corporation.

The case of *Newton County Draining Co.* v. *Nofsinger*, 43 Ind. 566, does not sustain appellant's position. That case can not be treated as deciding anything more than that injunction will lie where persons, having no corporate rights, threaten to do, and unless restrained will do, irreparable injury to the lands of the complainant, upon the ground and claim that they are incorporated. It carries, even when allowed this effect, the doctrine to the very verge of the law, and can not be extended. That case, however, is very different from the present, for there the object of the proceeding was to prevent injury to property; here it is to prevent the recovery upon a contract, the consideration of which has been received and enjoyed by the party resisting the recovery.

The case of *Moore* v. *State, ex rel.*, 71 Ind. 478, settles the question as to the corporate character of the appellee. It was there held not only that the appellee was a corporation *de facto* at the time covered by this litigation, but also that, by a curative statute subsequently enacted, its organization and existence were legalized. We are not required to decide whether the curative statute affected contracts made prior to its enactment. The corporation was one which might have been created under existing laws, and the appellant, by his contract and course of dealing with it, estopped himself to deny its corporate existence. As to him, at least, it was a corporation from the time he dealt with it as such.

The trial court rightly held that appellant was estopped to question appellee's corporate existence, and we should have no hesitation at all in affirming the judgment, if any title had been shown to the note upon which the first paragraph of the complaint is based.

The complaint avers that the note was executed to Jacob S. Moore, and by him assigned to appellee, "by his written endorsement on the back thereof." It is settled that it is incumbent upon a plaintiff to prove the endorsement as alleged in his complaint. *Jackson T'p* v. *Barnes*, 55 Ind. 136 ; *Wallace* v. *Reed*, 70 Ind. 263 ; *Morgan* v. *Smith, etc., Co.*, 73 Ind. 179.

In a very able and ingenious brief, counsel for appellee contends that the case in hand is not within the rule, for the reason that the evidence shows that Moore, the payee, was the agent of the corporation, and that, as such, he received the note. It is no doubt true that the principal may sue upon a note in fact belonging to him, although written payable to the agent. *Nave* v. *Hadley*, 74 Ind. 155. This rule avails the appellee nothing, for the reason that the complaint does not proceed upon the theory that the note belongs to the corporation because executed to its agent. On the contrary, the title is explicitly alleged to have been acquired by endorsement from a stranger, and this prohibits a recovery upon the ground that the appellee was, in fact, the real owner. A plaintiff can not lay one species of title and recover upon an altogether different one.

It is claimed that the appellee was not bound to prove title, because one paragraph of the answer expressly admitted it. If this paragraph stood alone, or if there were no others putting the appellee upon proof of title, then it would have been unnecessary to have given the endorsement in evidence. *White* v. *Smith*, 46 N. Y. 418 ; *Colter* v. *Galloway*, 68 Ind. 219 ; *New Albany, etc., Co.* v. *Stallcup*, 62 Ind. 345. But there were other paragraphs denying all the material allegations of the complaint, and appellee was, therefore, put to the proof of title as laid. Where there are several paragraphs of answer,

some in confession and others in denial, the plaintiff can not treat those in confession as dispensing with the proof of facts put in issue by the paragraphs in denial. *Wheeler* v. *Robb*, 1 Blackf. 330 (12 Am. Dec. 245); *Arnold* v. *Sturges*, 5 Blackf. 256; *Ricket* v. *Stanley*, 6 Blackf. 169; *Bean* v. *Keen*, 7 Blackf. 152.

We are compelled to reverse the judgment, upon the ground that the record does not show that the endorsement of the note sued on was given in evidence.

Judgment reversed, with costs.