Milligan *v.* The State, *ex rel.* Children's Home of Cincinnati, Ohio.

No. 9330.

MILLIGAN *v.* THE STATE, EX REL. CHILDREN'S HOME OF
CINCINNATI, OHIO.

HABEAS CORPUS.—*Pleading.*—*Foreign Statute.*—*"Children's Home."*—*Custody of Child.*—*Complaint not Cured by Reply.*—In an action by a foreign corporation to enforce a statutory right to the custody of a child, the complaint must set forth according to its tenor so much of the foreign statute as is relied on; and defects of the complaint in this respect can not be cured by the reply.

From the Delaware Circuit Court.

*C. E. Shipley* and *R. S. Gregory,* for appellant.
*J. S. Buckles* and *J. W. Ryan,* for appellee.

WOODS, C. J.—*Habeas corpus.* The appellant has assigned error upon the overruling of his motion to quash the writ, his exceptions and demurrer to the reply to his return to the writ, and that the complaint does not state facts sufficient.

The complaint, stated generally, shows that the " Children's Home " is a corporation, organized at Cincinnati, Ohio, under the general laws of that State, and empowered, among other things, to receive and take charge of homeless and indigent children surrendered to it by their parents or guardians, or by the courts or other legal authority, to act as guardian for such children during their minority, and to procure for them, when deserved, permanent homes in Christian families, and to remove any child from a home procured for it whenever, in the judgment of its trustees and managers, the home so procured for the child is unsuitable; these powers being conferred by a statute of the tenor following, to wit:

" CHAPTER 5.   CHILDREN'S HOMES.

" Sec. 2185. The trustees and managers may remove a child from a home when, in their judgment, the same has become an unsuitable one, and they shall, in such cases, resume the same power and authority as they originally possessed; but they may return a child to parents or a surviving parent or guardian, or when they believe the child to be capable of

caring and providing for himself, may discharge him to his own care."

That this statute was in force at the time when the agreement was made with the appellant, and has remained in force; that on the 28th day of May, 1879, Laura Belle Hutchins, aged twelve years, was surrendered to the guardianship of the home by her parents, under an agreement in writing, which is set out in the complaint, and was kept and cared for by the home until the 16th day of September, 1879, when, upon recommendation that the appellant was a proper person, and his home a suitable one, the relator entrusted said child to the appellant, under a written agreement, a copy of which is also embodied in the complaint; that afterwards, in October, 1880, in the due exercise of the powers and discretion conferred on them by law, the trustees and managers of the home became satisfied, and, upon deliberation, determined that in their judgment the defendant was not a proper person to have the care, custody, and religious and moral training of said child during minority, and that his home had become unsuitable for her; and thereupon notified the defendant of that judgment, and on the 10th day of November, 1880, demanded of the defendant, at his home, in Indiana, the surrender and custody of said child, that a suitable home might be provided for her by the relator; but defendant refused, and still unlawfully refuses, to surrender her to the plaintiff's care and custody.   Wherefore, etc.

No other parts of the statute under which the relator claimed to be organized and acting are set out in the complaint, and it is objected that for this reason the complaint is insufficient.

We think the objection well taken.   It was necessary that the relator should have pleaded so much of its charter as was requisite to establish in its favor a *prima facie* right to the custody of the child in question.   The right which it asserts is not a natural one, and can exist only by the force of positive statute; and the statute relied on, being a foreign one, must be pleaded according to its tenor, so as to put it in the

power of the court to construe or interpret it.    *Wilson* v.
*Clark*, 11 Ind. 385 ; *Mendenhall* v. *Gately*, 18 Ind. 149 ;
*Kenyon* v. *Smith*, 24 Ind. 11 ; *Tyler* v. *Kent*, 52 Ind. 583.

It may be, as has been suggested, that the appellant is es-
topped by his contract from denying the corporate existence
of the Children's Home ; but, in order to prevail in the ac-
tion, it was necessary for the relator to show that it had the
alleged power to receive children into its care and guardian-
ship, to the exclusion thereafter of parents or other lawful
guardians, to entrust their care to others, and to reclaim them
again at its own discretion.  The estoppel of the contract does
not, if it could be made to, extend to these things, and they
could be proved only by proving parts of the statute which,
if they exist, are not set out in the complaint.    The portion
set out is in itself incomplete, and can be fully understood,
manifestly, only when read in connection with other parts of
the enactment from which it was taken.

Other parts of the statute are set out in the reply, but a
bad complaint can not be made good by anything found in
the replication.

Judgment reversed.