The Continental Life Insurance Company *v.* Volger.

---

No. 8375.

THE CONTINENTAL LIFE INSURANCE COMPANY *v.* VOLGER.

LIFE INSURANCE.—*Mere Relation of Parent and Child Does not Give Child an Insurable Interest in Parent's Life.*—A daughter has not necessarily an interest in her mother's life, and in a suit by her on such a policy, taken by her, she must allege and prove a pecuniary interest in the life of the mother.

From the Vigo Circuit Court.

*J. Buchanan* and *W. Mack,* for appellant.

*W. Eggleston, E. Reed, J. M. Winters* and *G. Seidensticker,* for appellee.

HAMMOND, J.—Action by the appellee against the appellant in two paragraphs. Issue upon the first paragraph ; trial by the court, finding and judgment for the appellee. Both paragraphs of the complaint were based upon a policy of life insurance issued by the appellant to the appellee upon the life of Louise Hesse, mother of the appellee.

The averments of the complaint, substantially the same in both paragraphs, were in effect as follows: On February 7th, 1870, the appellee insured the life of her mother with the appellant in the sum of $5,000, and received from the latter a policy, a copy of which is alleged to be filed with each paragraph of the complaint. The appellee was to pay to the appellant as premiums $349.25 on or before the 7th of February of each year, for fifteen years; and, at the death of said Louise Hesse, the appellant was to pay to the appellee said sum of $5,000. It is alleged that the policy provided that, after the payment of two or more annual premiums upon said policy, if the appellee made default thereafter in paying any premium, the appellant was to convert the policy into a "paid-up policy," for as many fifteenth parts of the sum insured as there were complete annual premiums paid at the time of the default: *Provided,* That the original policy, issued to the appellee, should be transmitted to, and received by, the appellant, and that application should be made for such conversion into a "paid up policy" within one year after such default. It is averred that, pursuant to said agreement, the appellee paid the full premiums on said policy for seven years, commencing February 7th, 1870, paying in all $2,444.75; that on February 7th, 1877, she made default and was unable to pay the annual premium then due; that within one year thereafter she surrendered to the appellant her policy and made application for the "paid-up policy" in accordance with the aforesaid agreement, but that the appellant refused to issue to her such paid-up policy, and still refuses, etc.

The relief asked in the first paragraph was a specific performance of the contract to issue a paid-up policy. In the second paragraph there was a prayer for judgment in the sum of $2,500 for the premiums paid by the appellee on the policy.

The appellant demurred to each paragraph of the complaint for the following causes:

"1. That there is a defect of parties plaintiffs herein; that Louise Hesse is the real party in interest.

"2. That neither of said paragraphs states facts sufficient to constitute a cause of action.

"3. That the court has no jurisdiction of the person of the defendant in this action.

"4. That the court has no jurisdiction of the subject-matter of this action.

"5. There is a misjoinder of causes of action in the complaint."

The demurrer was overruled as to the first paragraph. The appellant excepted, and has assigned such ruling as error in this court. The demurrer was sustained as to the second paragraph. To this ruling the appellee excepted, and assigns the same as cross error in this court. We think that the complaint was not open to the objection made against it in the first cause of the demurrer. It was alleged in each paragraph of the complaint that the appellee insured the life of her mother; that the policy was payable to the appellee, and that she paid seven annual premiums thereon. Though the policy was payable to the appellee, it may be, if it had been taken out and the premiums paid by her mother, that the latter, as claimed in the first cause of the demurrer, would be the real party in interest, and that in such case the action should have been brought by her. *Provident Life Ins.,° etc., Co.* v. *Baum,* 29 Ind. 236. But as the appellee took out the policy and paid the premiums, we think she should be regarded as the real party in interest.

The third and fourth causes of demurrer were not well taken. It was not apparent upon the face of the complaint, that the court did not have jurisdiction of the person of the appellant, or of the subject-matter of the action.

As to the fifth cause of demurrer, it would seem that the appellee could not, in the same action, enforce the specific performance of the contract and also recover back the premiums paid on the policy. Section 278, R. S. 1881. But the ruling

upon the demurrer for this cause can not be complained of in this court. Section 341, R. S. 1881.

We come now to consider the second cause of demurrer, namely, that neither paragraph of the complaint stated facts sufficient to constitute a cause of action. It will be observed that the complaint does not show that the appellee had, at the time of receiving the policy, or afterwards, any insurable interest in the life of her mother, the assured, unless the fact of the relationship of mother and daughter gave her such interest. The law is well settled that a policy taken by, and payable to, one upon the life of another, in the continuance of whose life the assured has no pecuniary interest, is void, as being against public policy. 3 Kent Com. (11th ed.) 462-3 ; *Franklin Life Ins. Co.* v. *Hazzard,* 41 Ind. 116 (13 Am. R. 313) ; *Franklin Life Ins. Co.* v. *Sefton,* 53 Ind. 380. The insurable interest in the life of another must be a pecuniary interest. Some of the authorities tend in the direction that near relationship, as between parent and child, is a sufficient foundation upon which to rest an insurable interest. But this view is not sustained by the weight of authority. See May Ins., section 107 ; *Lord* v. *Dall,* 12 Mass. 115 ; S. C., 7 Am. Dec. 38, and note on p. 42, where the decisions upon this question are reviewed. In *Guardian Mutual Life Ins. Co.* v. *Hogan,* 80 Ill. 35 (22 Am. R. 180), it was held " that the mere relation here of father and son did not constitute an insurable interest in the son in the life of the father, unless the son had a well founded or reasonable expectation of some pecuniary advantage to be derived from the continuance of the life of the father."

In an action like the present, upon a policy taken out by one upon the life of another, the complaint must state facts showing that the assured had an insurable interest in the life of the person insured. In the case last cited, it was held that where the policy is procured by one on his own life for the benefit of another, it is not, in a suit by the beneficiary, necessary to aver an insurable interest ; " But," the opinion continues, " a different rule prevails where one procures insurance

on the life of another. In such case the plaintiff must aver, in his declaration on the policy, that he had an insurable interest in the life insured, and prove the same affirmatively, as part of his case." This view is in harmony with *Provident Life Ins., etc., Co.* v. *Baum, supra.* In that case the assured had taken out a policy upon his own life and made it payable to his brother, who was the plaintiff. It was there held that the plaintiff did not have to aver or prove an insurable interest in the life of the insured. The court, in the opinion in that case, says: " It can not be questioned that a person has an insurable interest in his own life, and that he may effect such insurance, and appoint any one to receive the money in case of his death during the existence of such policy. It is not for the insurance company, after executing such a contract, and agreeing to the appointment so made, to question the right of such appointee to maintain the action. If there should be any controversy as to the distribution among the heirs of the deceased, of the sum so contracted to be paid, it does not concern the insurers. The appellant" (the insurance company) "contracted with the insured to pay the money to the appellee" (the brother of the insured), "and upon such payment being made, it will be discharged from all responsibility. So far as the insurance company is interested, the contract is effective as an appointment of the appellee to receive the sum insured." But in the case under consideration, by the averments of the complaint, the policy was not taken out by the insured on her own life with the appointment of the appellee to receive from the insurance company the amount insured. It was taken out by the appellee for her own benefit on the life of another, and we think the case falls within the rule which requires the complaint to aver the insurable interest of the plaintiff in the life insured. For failing to make this averment, we are of opinion that each paragraph of the complaint was bad on demurrer for not stating facts sufficient to constitute a cause of action.

We think that the demurrer was properly sustained to the

second paragraph of the complaint, and that it should also have been sustained to the first. For this error the judgment will have to be reversed, and it becomes unnecessary, therefore, to consider other alleged errors, assigned by the appellant.

Judgment reversed, at the appellee's costs, with instructions to the court below to sustain the demurrer to the first paragraph of the appellee's complaint, and for further proceedings not inconsistent with this opinion.