Swank *v.* Hufnagle.

Petition overruled.

Filed Oct. 18, 1887.

111  453
111  510
111  453
126   61

No. 12,896.

## SWANK *v.* HUFNAGLE.

MORTGAGE.—*Validity.*—*Lex Situs.*—The validity of a mortgage of real estate is to be determined by the law of the place where the property is situated.

SAME.—*Married Woman.*—*Surety.*—A mortgage executed in Ohio by a married woman, as surety for another, upon land owned by her in this State, is void under the statute of 1881.

PLEADING.—*Foreign Statute.*—Where a pleading is founded on a foreign statute the statute must be set out.

From the Miami Circuit Court.

*H. J. Shirk, J. Mitchell, C. H. Aldrich* and *O. Gresham,* for appellant.

*R. P. Effinger* and *R. J. Loveland,* for appellee.

ELLIOTT, J.—The appellant sued the appellee, Melissa Hufnagle, and her husband, upon a note and mortgage executed in Darke county, Ohio, on land situate in this State. The appellee, Melissa Hufnagle, answered that she was a married woman, and that the mortgage was executed by her as the surety of her husband, and assumed to convey land in this State owned by her. The appellant replied that the contract was made in Ohio, and that by a statute of that State a married woman had power to execute such a mortgage, but the statute of Ohio is not set forth.

The trial court did right in adjudging the reply bad. The validity of the mortgage of real property is to be determined by the law of the place where the property is situated. Mr. Jones says: "A mortgage of course takes effect by virtue

of the law of the place where the land is situated." 1 Jones Mortg., section 823. This is well settled law. Story Conflict of Laws (8th ed.), 609, auth. n.; *Bethell* v. *Bethell,* 92 Ind. 318.

Judge Story, in sections 66 and 102 of his work on the Conflict of Laws, does not treat of conveyances or mortgages of land, but of contracts of an entirely different class, so that the appellant gets no support from what is there laid down as the law.

Under the act of 1881 a mortgage executed by a married woman as surety on land owned by her in this State is void.

There is another reason for adjudging the reply bad, and that is this, it does not set out the foreign statute on which it professes to be based. It is well settled that where a pleading is founded on a foreign statute the statute must be set forth. *Wilson* v. *Clark,* 11 Ind. 385; *Mendenhall* v. *Gately,* 18 Ind. 149; *Kenyon* v. *Smith,* 24 Ind. 11; *Tyler* v. *Kent,* 52 Ind. 583; *Milligan* v. *State, ex rel.,* 86 Ind. 553.

We can not disturb the finding on the evidence.

Judgment affirmed.

Filed May 26, 1887.

## On Petition for a Rehearing.

Elliott, J.—In the argument on the petition for a rehearing, counsel contend that we were in error in holding that a mortgage executed by a married woman in Ohio as surety for her husband can not be enforced in this State, and they refer us to cases holding that the construction of a contract is governed by the law of the place where it was made. But the argument is unavailing, for counsel mistake the point in dispute. The question is not how the contract shall be construed, but had the married woman capacity to execute it? The question is one of capacity, not of construction. The trial court was not asked to construe a mortgage, but to enforce one which our statute declares shall not be enforceable. The purpose of the suit is not to obtain a judicial interpre-

Swank *v.* Hufnagle.

tation of a contract, but to foreclose a mortgage which our law declares a married woman has no capacity to execute.

We suppose it quite clear that if the mortgagor has no capacity to execute a deed or mortgage, the instrument can not be enforced, although the incapacity is established by the law of the place where the land is situated. If, for instance, a married woman should execute a deed or mortgage without her husband joining with her, it could not. be enforced in a State where the law required her husband to join. This is so because the question is one of power, and power is created or withheld by the law of the place where the land lies. It is hardly necessary to cite authorities upon this elementary proposition, but there is so conveniently at hand a decision of the Supreme Court of Ohio, where the rule is affirmed, that we cite it. *Brown* v. *National Bank*, 44 Ohio St. 269. In that case it was said: " We are not unmindful of the principle that deeds intended to convey or encumber an interest in land situated in one State, executed in another, must derive their vitality from the laws of the former."

Our statute provides that the deeds of persons under twenty-one years of age shall be voidable, and this law would undoubtedly entitle an infant. under that age to avoid a deed to land in this State executed in Ohio, and the principle in such a case is the same as that which rules here, for, in both cases, the question is one of capacity. In discussing this question an American author says: " But, in reference to contracts about the sale and conveyance of land such capacity depends upon the laws of the State wherein the land is situated. This is the general ruling in America as to the law upon these subjects, in whatsoever court the question may arise, domestic or foreign. This rule applies to questions of infancy, coverture, majority and of legal capacity generally." Rorer Inter-State Law, 190 ; 1 Jones Mortg., section 662 ; 4 Kent Com., star p. 441.

Petition overruled.

Filed Sept. 28, 1887.