.Filed May 12, 1896.

---

No. 1,983.

## PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* JENKINS.

INSURANCE.—*Life.*—*Insurable Interest.*—*Uncle and Nephew.*—*Thirteen-Year-Old Boy.*—One does not have an insurable interest in the life of his thirteen-year-old nephew, simply because they lived together in the house of the boy's mother, and the uncle kept his nephew.

From the Madison Circuit Court.

*C. L. Henry, B. McMahan* and *J. A. Van Osdol,* for appellant.

*E. F. Daily,* for appellee.

GAVIN, C. J.—Appellant claims to be an insurance company, insuring the lives of children one year old and over, and adults up to seventy.

Appellee recovered judgment for $115.00, upon an alleged contract whereby appellant, in consideration of ten cents, which it afterwards offered to return, insured the life of his nephew, a school-boy, thirteen years of age, without seeing the boy, without his

knowledge, and without any medical examination, so far as the record indicates, and after being informed that the boy had been exposed to diphtheria, which was then in the house where he lived.

The only interest which appellee had in the boy's life is that shown by the evidence, to-wit: that he was the child of appellee's sister, and the statement, "We lived together, my sister owned the property and I kept the boy."

It is well settled in Indiana, that when one takes out an insurance policy upon his own life, and pays the premiums therefor, he may name whom he will as the beneficiary. *Nye* v. *Grand Lodge, etc.*, 9 Ind. App. 131, and cases there cited.

A different rule, however, prevails when one takes out an insurance policy upon the life of another, making it payable to himself, as here, and himself paying the premiums. In such cases the beneficiary must have an insurable interest in the life insured, else it falls under the ban of the law as a wagering contract. *Continental Life Ins. Co.* v. *Volger*, 89 Ind. 572; *Amick* v. *Butler*, 111 Ind. 578; *Nye* v. *Grand Lodge, etc.*, *supra*; *Carson's Appeal*, 113 Pa. St. 438; *Riner* v. *Riner*, 166 Pa. St. 617; *Warnock* v. *Davis*, 104 U. S. 775.

Just what is an insurable interest, we will not undertake to define. Our Supreme Court has said it must be a "pecuniary interest." *Continental Life Ins. Co.* v. *Volger, supra; Burton* v. *Conn. Life Ins. Co.*, 119 Ind. 207.

In the latter case, quotations are made indicating that by pecuniary interest is meant that interest which arises from the reasonable expectation of benefit or advantage from the continuance of the life; but the mere fact of relationship is not sufficient, except,

perhaps, where there is a legal right of support arising from it.

The insurance of children who are helpless and under the control and authority of others, is suscep-tible of such possibilities of evil that it should not be encouraged, and the evidence ought to establish an insurable interest most clearly and satisfactorily be-fore a verdict should meet the approval of a trial court.

The facts fall far short of establishing any relation of debtor or creditor.

We are satisfied, under the authorities, that the evi-dence here fails to disclose an insurable interest in the appellee, giving to that phrase the most liberal inter-pretation authorized by our decisions.

**Judgment reversed, with instructions to grant a new trial.**

Filed March 12, 1896.