## The People's Mutual Benefit Society v. Templeton.

[No. 1,962.    Filed October 1, 1896.]

PLEADING.—*Answers.*—*Proof.*—Where there are two paragraphs of answer, one in confession and the other in denial, the plaintiff cannot treat the answer in confession as dispensing with the proof of the facts put in issue by the paragraph in denial.

LIFE INSURANCE.—*Insurable Interest.*—The legal liability of a mother to support her son unless he is unable to earn a livelihood, and she is able to provide for his support, created in behalf of the

The People's Mutual Benefit Society *v.* Templeton.

county or town by the laws of Illinois, does not give a son an insurable interest in the life of his mother, where the latter is seventy-six years old when the policy on her life is issued, and there is nothing to *justify* an inference that she had or would ever have sufficient ability to support him.

SAME.—*Policy.*—*Incontestable Clause.*—A provision on the back of a certificate of insurance that it shall be incontestable "after one year from the date as provided in the by-laws," does not render it incontestable upon the death of the insured seven years after its date, where the by-laws provide that the certificate shall be incontestable in case of all deaths occurring "within three years" from the date of the certificate.

From the Elkhart Circuit Court.  *Reversed.*

*J. S. Dodge, O. Z. Hubbell, J. M. Van Fleet* and *Vernon Van Fleet*, for appellant.

*R. M. Johnson, J. D. Osborne, J. L. Harman* and *A. S. Zook*, for appellee.

DAVIS, C. J.—The appellee sued appellant upon a certificate of life insurance. It is alleged in the first paragraph of the complaint that appellant issued to appellee a policy on the life of his mother for $2,000, alleges the death of the assured, the payment of all assessments, and performance by plaintiff of all conditions and stipulations of the contract on his part; asserts the liability for support of assured by plaintiff under the laws of Illinois, where both the beneficiary and the insured lived at the date of effecting the insurance; makes so much of the statute of Illinois as sustains this allegation a part of the complaint by filing a copy of the same as an exhibit to the complaint; alleges the full compliance of that law by appellee to the date of the death of the assured, and also alleges the liability, under that law, of the assured for the support and maintenance of the appellee to the date of her death, and that thereby, the appellee, from the date of the acceptance of the assured into

defendant company as a member, until her death, had and continued to have a valuable pecuniary interest in the life of the assured; that under the laws of the defendant company, the claim of appellee was entitled to be placed in and paid from the fund secured from the pool, forming at the date of the death and accepted proofs of the same of said assured, in the months of March and April, 1894; but that appellant refused to place the same in that pool or in any other pool, and also refused to pay said loss from that pool or any other pool, although sufficient sums of money were realized by appellant from such March and April pool to pay appellee's claim in full but which it wrongfully applied to other purposes, and that appellant has wrongfully accumulated a fund of $50,000.00 out of the assessments made against its policy holders, out of which it might and ought to pay appellee's claim, but likewise refuses to apply the same to that purpose, makes a copy of the certificate of policy a part of the complaint as an exhibit "A," containing among other conditions the following: "That this certificate shall be incontestable after one year from date as provided in the by-laws," makes a copy of the by-laws of appellant a part of the complaint by filing the same as exhibit "C;" alleges that appellee is the owner of the certificate sued on and that there is due him thereon the sum of $3,000.00, for which he demands judgment and all other proper relief.

The policy is for a sum "not to exceed $2,000," being dependent upon the amount realized on certain assessments. A demurrer was sustained to the first paragraph of the complaint.

To the second paragraph of the complaint appellant filed an answer in two paragraphs. The first paragraph purports to be but a partial answer to the complaint, and admits all its material allegations except

the amount. The second paragraph of the answer is a general denial. The appellee moved for judgment against the appellant for $2,000 on the partial answer. This motion was sustained.

Appellant appeals and assigns this ruling as error.

Appellee assigns cross error on the ruling sustaining demurrer to the first paragraph of the complaint.

The rule is that where there are two paragraphs of answer, one in confession and the other in denial the plaintiff can not treat the answer in confession as dispensing with the proof of the facts put in issue by the paragraph in denial. *Palmer* v. *Poor,* 121 Ind. 135, 6 L. R. A. 469; *Smelser* v. *Wayne, etc., Turnpike Co.,* 82 Ind. 417; *Weston* v. *Lumley,* 33 Ind. 486.

Therefore for this reason, if for no other, the court erred in sustaining appellee's motion for judgment against appellant on the first paragraph of answer.

We will next consider the cross error assigned by appellee. Counsel for appellant insist that the first paragraph of complaint is bad "because it shows on its face that appellee had no insurable interest."

The first contention of counsel for appellee is that under the poor laws of Illinois there is a legal liability resting upon the son for the maintenance of the mother, and upon the mother for the maintenance of the son, in the event the one is unable to earn a livelihood and the other be of sufficient ability to provide such support.

The Illinois statute has not been fully recited or set forth in the first paragraph of the complaint, but a copy of the statute has been filed therewith. *Wilson* v. *Clark,* 11 Ind. 385; *Tyler* v. *Kent,* 52 Ind. 583; *Swank* v. *Hufnagle,* 111 Ind. 453.

Assuming without deciding that the statute has

been properly pleaded, we have examined it and find that the statute is "An act to revise the law in relation to paupers," and the legal liability is created in behalf of the county or town. The only provision for enforcing it is by an action instituted either by the State's attorney or overseer of the poor. No right of action is created by the son against the mother or by the mother against the son.

The exhibits filed with the first paragraph of the complaint show that the mother was seventy-six years of age when the policy was issued, and that she was more than eighty years of age when she died. It is averred in this paragraph that at the time the policy was issued appellee "then was, and up to the date of her death, supporting, caring and providing for her maintenance."

There are no averments in the complaint tending to show any reasonable ground for an expectation of appellee of pecuniary or material benefit or advantage to him from the continuance of the life of his mother. There is nothing justifying an inference or expectation that she had or would have, in any event, sufficient ability to support him. It does not appear that appellee expected any benefit from her in the way of service, maintenance or the like. In other words it does not appear that appellee had any insurable interest in the life of his mother. *Burton* v. *Connecticut, etc., Ins. Co.,* 119 Ind. 207, 12 Am. St. 405.

The rule recognized in *Reserve Mut. Ins. Co.* v. *Kane,* 81 Pa. St. 154, 22 Am. Rep. 741, does not' prevail in Indiana. *Continental Life Ins. Co.* v. *Volger,* 89 Ind. 572.

It is next contended by counsel for appellee that the incontestable clause dispenses with allegation of insurable interest.

On the back of the certificate is found the following:

"That this certificate shall be incontestable after one year from date as provided in the by-laws."

In section two of the by-laws occurs the following provision:

"Section 2. All deaths which shall occur within three years from the date of the approval of the application, upon which the certificate is issued, or from date of last revival of said certificate shall be incontestable, provided all payments have been made as required by the by-laws of the society; that no misrepresentation was made in said application, and that the death of the insured person was in no way caused by lack of proper medical attendance, or by or with the connivance of any person in any way interested in the payment of the claim."

It is alleged that all payments have been made as required by the by-laws of the society.

The position of counsel for appellee is that under the provision in the by-laws above set out, appellant is "precluded from the right to make any defense whatever to the payment of the full amount of the certificate." There is no express provision in the by-laws that the certificate shall be incontestable. Construing the clause on the back of the certificate and the provision in the by-laws together we assume, without deciding, that the certificate after one year and within three years from date of issue is incontestable.

The complaint shows that the policy was issued on the 29th of December, 1886, and that the assured died on the 2d day of January, 1894. The approval of the application upon which the certificate was issued was therefore not later than the 29th of December, 1886. It does not appear that there ever was a revival of the certificate. In other words the certificate sued on

was issued and delivered on the 29th of December, 1886, and was never thereafter, as it appears, forfeited or revived. The stipulation in the by-law is that "all deaths which occur *within* three years from the date of approval of the application upon which the certificate is issued or from the date of the last revival of said certificate *shall be incontestable.*" It is not claimed that the death in this case occurred within three years from the date of the approval of the application upon which the certificate was issued or within three years from the date of the last revival of said certificate. The clause on the back of the certificate is to the effect only that it shall be incontestable after one year "as provided in the by-laws." The provision in the by-law applies only to cases where death occurs "within three years." There is no provision that where death occurs after three years the certificate shall be incontestable.

What the effect of the stipulation may be in cases where death occurs after one year and within three years from the approval of the application or revival of the certificate we need not further consider. In this case the death occurred more than seven years after the date of the approval of the application. In our opinion the court did not err in sustaining the demurrer to the first paragraph of the complaint.

Judgment reversed with instructions to overrule appellee's motion for judgment against appellant for $2,000 on the partial answer.