IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1906, AND MAY
TERM, 1907, IN THE NINETY-FIRST YEAR
OF THE STATE.

---

### MERCHANTS NATIONAL BANK *v.* MCCLELLAN, GUARDIAN.

[No. 5,856. Filed April 3, 1907.]

1. PLEADING.—*Complaint.—Decedents' Estates.—Debts.—Widows' Allowance.*—An allegation in a complaint that a decedent's estate is not in debt, or that "there is no existing indebtedness" thereon, or that decedent's "debts and funeral expenses have been paid," does not signify that the widow's allowance of $500 is paid, since it is not a "debt" against such estate. p. 4.

2. DESCENT AND DISTRIBUTION.—*Widow.—Child.*—The husband's estate belongs equally to the widow and only child. p. 4.

3. PLEADING.—*Complaint.—Decedents' Estates.—Money Due to.—Collection without Administration.*—A complaint by the guardian of an only child, showing that the child's father died leaving a widow and such child and leaving $1,200 in defendant bank; that no debts are outstanding against the estate, and that no administration was had, shows a cause of action 'in some amount, though it does not show a disposition of the widow's allowance of $500. p. 4.

4. APPEAL.—*Trial.—Interrogatories.—New Trial.—Same Questions.*—Where the court's rulings on the answers to the interrogatories to the jury and the motion for a new trial present the same questions, they will be considered together. p. 5.

5. TRIAL.—*Verdict.—General.—Answers to Interrogatories.—Conflict.*—Where the answers to the interrogatories to the jury are in conflict, they nullify each other, and have no effect on the general verdict. p. 5.

6. SAME.—*Answers to Interrogatories.—Decedents' Estates.—Debts.*—An answer to an interrogatory to the jury that before this suit was commenced all debts owing by decedent at the time of his·

death were paid, sufficiently shows that no liability, whether incurred before or after death, existed against his estate. p. 5.

7. TRIAL.—*Failure of Evidence.—Admissions in Answers.—When Available.*—Where an answer consists of the general denial and also paragraphs in confession and avoidance, the plaintiff must prove all of the allegations of his complaint, and he can not rely upon confessions in such answers to establish his case. p. 5.

8. PLEADING.—*Answers.—Denial and Confession and Avoidance.*—An answer cannot be both a denial and a confession and avoidance. p. 6.

9. SAME.—*Answers.—Admissions.*—Admissions made in one paragraph of answer can be considered only in reference to such paragraph. p. 6.

10. DECEDENTS' ESTATES.—*Failure to Administer.—Action by Heirs to Recover Assets.*—In an action to recover the assets of a decedent's estate, there being no debts against such estate, proof that there was no administration is necessary in order to sustain a recovery. p. 7.

From Delaware Circuit Court; *Joseph G. Leffler*, Judge.

Action by Harry J. McClellan, as guardian of Harvey Rhoades, a person of unsound mind, against the Merchants National Bank. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Rollin Warner, W. A. Thompson* and *W. H. Thompson,* for appellant.

*Charles A. McGonagle, J. Monroe Fitch, Edward M. White* and *William F. White,* for appellee.

MYERS, C. J.—Action by appellee to recover money deposited in appellant bank. The complaint was in three paragraphs, to each of which a demurrer was overruled. Appellant answered in four paragraphs; the first being in denial, and to the third a demurrer was sustained. Appellee replied in two paragraphs to the second and fourth paragraphs of answer. Trial by jury and verdict for appellee, and with the general verdict the jury returned answers to interrogatories. Over appellant's motion for judgment on the answers, and its motion for a new trial, judgment was rendered on the verdict.

The first paragraph avers, in substance, that appellee was guardian of Harvey Rhoades, a person of unsound mind; that said Harvey is the son of Fidelles Rhoades, who died intestate, in 1901, and prior to this action, leaving as his sole and only heirs at law Phoebe Rhoades, his widow, and his son, Harvey; "that the estate of said Fidelles Rhoades was never administered upon, and there is no existing indebtedness or unpaid claims against the same;" that, at the time of the death of his father, Harvey was, and for a long time prior thereto had been, and still is, of unsound mind and incapable of managing his own estate; that no guardian was ever appointed until the appointment of this appellee in 1904; that Fidelles Rhoades on January 8, 1901, deposited with appellant $1,200, no part of which was withdrawn by him during his lifetime, and which sum was owing to him by appellant at the time of his death; that the same is a part of the estate of said Fidelles, and at his death became and is now the property of said Phoebe and Harvey Rhoades, and that no part of the same has ever been received by said Harvey or his said guardian for him; that one-half of said sum belongs to said Harvey, who, by his guardian, demanded payment thereof, which was refused.

The second and third paragraphs aver practically the same facts as are averred in the first, except in some particulars in greater detail. In each of these paragraphs it is averred "that no administration was ever had on the estate of said Fidelles Rhoades, and that all his debts and funeral expenses have long since been fully paid and satisfied." In the third it is averred that Fidelles left a personal estate of $2,500, of which said $1,200 so deposited with appellant constituted a part.

I. The first error questions the action of the court in overrruling appellant's demurrer to each paragraph of the complaint.

It is argued that neither paragraph of the complaint is

sufficient, because of a failure to aver that the widow has been paid her statutory allowance of $500, or that she had waived it. The widow's statutory allowance of $500 is not a debt against the estate, and an averment that the estate is not in debt, or that "there is no existing indebtedness," or "that his debts and funeral expenses have been fully paid," would not be the equivalent of an averment that the widow's statutory allowance has been paid, or the estate released from its payment. *Schneider* v. *Piessner* (1876), 54 Ind. 524; *Brown* v. *Critchell* (1887), 110 Ind. 31, 39; *Bratney* v. *Curry* (1870), 33 Ind. 399; *Whisnand* v. *Fee* (1898), 21 Ind. App. 270.

Neither paragraph of the complaint expressly avers that the widow of Fidelles Rhoades is living, but it is averred that she was living at the time of Fidelles's death in 1901. This action was brought in 1904. There being no other heirs, the statute, at the death of Fidelles Rhoades, divided the money in question equally between the widow and son, and it is for the son's interest thus determined that this action is brought. If the inferences could be indulged, from the facts pleaded, that the widow was living when this action was commenced, and that her statutory allowance was still unpaid, however, as against the facts, that there is $1,200 due from appellant belonging to the estate, that the only heirs are the widow and son, that there are no unpaid claims, as averred in the first paragraph, or as averred in the second and third paragraphs that there are no debts against the estate, and no administration, the widow's claim being fixed by law, the pleading would still show that appellee was entitled to a judgment in some amount, and therefore is not insufficient on demurrer. *United States, etc., Invest. Co.* v. *Harris* (1895), 142 Ind. 226, 245; *Farrell* v. *LaFayette, etc., Mfg. Co.* (1895), 12 Ind. App. 326.

II. In view of our ultimate conclusion in this case, we

will consider at the same time the assignments of error based on the overruling of appellant's motion for judgment on the answers of the jury to interrogatories, notwithstanding their general verdict, and the action of the court in overruling appellant's motion for a new trial.

It was necessary that appellee should prove that there never had been any administration on the estate of Fidelles Rhoades. If any evidence was introduced tending to prove this fact, it is not disclosed by the record. In answer to an interrogatory, the jury say no evidence was introduced showing no administration on said estate. In answer to the preceding interrogatory, the jury found that there never had been an administrator appointed for the estate of Fidelles Rhoades. If there was no evidence introduced to prove a material fact, the jury were not authorized in finding that fact. These answers are inconsistent, and inconsistent answers nullify each other, and have no effect on the general verdict.

The jury, answering another interrogatory, find that, before this action was commenced, "all debts owing by Fidelles Rhoades at the time of his death" were paid. We are not unmindful of the fact that a liability against an estate may occur after the death of the decedent (*Hall* v. *Brownlee* [1902], 28 Ind. App. 178, 183), but the general verdict amounts to a finding that no such liabilities existed. The answer of the jury in this regard is in support of the general verdict. The answers to the interrogatories and the general verdict are not in irreconcilable conflict, and, this being true, the general verdict must control.

We have observed that the record contains no evidence tending to prove an issuable fact, and this question is presented by the motion for a new trial. Appellee defends the verdict of the jury in this particular, not by any claim that evidence was introduced

tending to prove no adminstration on said estate, but upon the ground that appellant admitted this fact in one of its answers.

It appears from the instructions that the jury were permitted to take with them into the jury room the complaint, answers and reply, and in one of the answers is an admission that there had never been any administration on the Rhoades estate. This answer was not introduced in evidence, but in any event the first paragraph of answer was a general denial, and the second and fourth pleaded confession and avoidance. The last two did not relieve appellee from the necessity of proving the material averments of his complaint. *Lake Erie, etc., R. Co.* v. *Holland* (1904), 162 Ind. 406, 63 L. R. A. 948. Confession, avoidance and denial cannot be pleaded in the same paragraph. *Woollen* v. *Whitacre* (1880), 73 Ind. 198; *Racer* v. *State* (1892), 131 Ind. 393, 401; §350 Burns 1901, §347 R. S. 1881. The admissions made in the second and fourth paragraphs of answer were conclusive only as to each of these paragraphs respectively. *Smelser* v. *Wayne, etc., Turnpike Co.* (1882), 82 Ind. 417; *Palmer* v. *Poor* (1889), 121 Ind. 135, 139, 6 L. R. A. 469; *Ray* v. *Moore* (1900), 24 Ind. App. 480; *People's Mut. Benefit Soc.* v. *Templeton* (1896), 16 Ind. App. 126.

On this subject a text-writer says: "When a denial is pleaded in connection with a defense of new matter, or two defenses of new matter are set up, the admissions in the one can never be used to destroy the effect of the other. The concessions of a defense by way of confession and avoidance do not obviate the necessity of proving the averments contradicted by the denial. This rule is universal. Even in those states where inconsistent defenses are not permitted to stand, the remedy is by striking out, or by compelling an election, and not by using the admissions of one to destroy

the issues raised by the other.'' Pomeroy, Code Rem. (4th ed.), *724.

One of the essential elements of an action of this kind by an heir is the fact that there is no administration on the estate. This is true, for the reason that, on the death of the owner, personal property goes to the personal representative. The general verdict finds for appellee that there was no administration, but the record discloses no evidence upon which to base such finding. For the reason just stated, the motion for a new trial should have been sustained.

Judgment reversed, with a direction to the court below to sustain appellant's motion for a new trial.