## MILLER v. TRAVELERS' INSURANCE COMPANY ET AL.

[No. 11,806.    Filed June 27, 1924.]

1. INSURANCE.—*Life Insurance.—Insurable Interest.—Insured, in His Own Life.*—Under the common law, every person has an insurable interest in his own life, which will support a policy taken thereon by himself, although the beneficiary named therein be a stranger, without any insurable interest therein. p. 620.

2. INSURANCE.—*Life Insurance.—Insurable Interest.—Necessity of.—At Common Law.*—At common law, an insurance policy on the life of another issued to one having no insurable interest in the insured was void, as it is a wagering contract in contravention of public policy. p. 620.

3. INSURANCE.—*Life Insurance.—Insurable Interest.—Statutory Requirements.—Statute.*—Since the statute (Acts 1921 p. 159, §4713 Burns' Supp. 1921) makes it unlawful to write life insurance when the beneficiary does not have an insurable interest in the life of the insured, and makes a violation of the statute a misdemeanor, punishable by fine and imprisonment, contracts of insurance issued in violation of the statute are void, although there is no express declaration to that effect. p. 620.

4. INSURANCE.—*Life Insurance.—Insurable Interest.—Policy Void Under Statute.—Statute.*—Where the allegations of a complaint on a life insurance policy showed that some one other than the insured procured the issuance of the policy, selected the beneficiary, and paid the premiums, the contract was void

under the statute (§4713 Burns' Supp. 1921, Acts 1921 p. 159) unless the beneficiary had an insurable interest in the life of the insured, and this fact must have been shown by the facts alleged in the complaint. p. 621.

5. INSURANCE.—*Life Insurance.—Insurable Interest.—Must be a Pecuniary One.—Sister of Insured.*—An insurable interest does not arise from the mere fact that the beneficiary is related to the insured, but there must be a pecuniary interest, and, ordinarily, this is not true of a sister of the insured so as to make insurance valid which is taken by her on her brother. p. 621.

6. INSURANCE.—*Life Insurance.—Insurable Interest.—When Must be Alleged.*—In an action on a life insurance policy by a beneficiary, who, though related to the insured, ordinarily would have no insurable interest in his life, facts must be alleged which show that the beneficiary had a pecuniary interest in the life of the insured. p. 621.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Action by Della Miller against the Travelers' Insurance Company and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Scanlon & Schwartz* and *Walter R. Arnold,* for appellant.

*Parker, Crabill, Crumpacker & May* and *Hubbard, Farabaugh & Pettengill,* for appellees.

BATMAN, J.—This is an action by appellant against appellees to recover on an insurance policy, issued by appellee company, on the life of one Louis Potts, in which appellant, a sister of the insured, was named as the original beneficiary. It is alleged that an effort was made to substitute appellee Whaley as a beneficiary therein, and that after the death of said Potts, the amount of the policy was paid to said Whaley, who now holds the same as trustee for appellant. Appellees filed separate demurrers to the complaint, which were sustained, and appellant refusing to plead further, judgment was rendered against her for costs. This appeal followed, based on the adverse rulings stated.

A determination of the sufficiency of the complaint in this action requires a consideration of the law relating to beneficiaries in insurance policies. Under the common law, every person has an interest in his own life, which will support a policy taken thereon by himself, although the beneficiary named therein be a mere stranger, without any insurable interest therein. 25 Cyc 708; *Milner* v. *Bowman* (1889), 119 Ind. 448, 5 L. R. A. 95; *Davis* v. *Brown* (1903), 159 Ind. 644; *Kessler* v. *Kuhns* (1891), 1 Ind. App. 511; *Nye* v. *Grand Lodge, etc.* (1894), 9 Ind. App. 131. Where, however, a policy is issued to one upon the life of another, the former having no insurable interest in the latter, it is void, being in the nature of a wagering contract, and hence in contravention of public policy. 25 Cyc 702; *Amick* v. *Butler, Admr.* (1887), 111 Ind. 578, 60 Am. Rep. 722; *Prudential Ins. Co.* v. *Jenkins* (1896), 15 Ind. App. 297, 57 Am. St. 228; *Prudential Ins. Co.* v. *Hunn* (1899), 21 Ind. App. 525, 69 Am. St. 380.

In this state, there has been a statute in force since 1901, which provides as follows: "It shall further be unlawful for any person or firm, knowingly, or for any corporation, with the knowledge of any officer thereof, to write any policy of insurance on the life of any individual in the State of Indiana unless the beneficiary named in such policy shall have a bona fide insurable interest, in whole or in part, in the life of such insured, or unless the beneficiary named in such policy is related to the person insured in the degree of kinship not further removed than first cousin * * *." §4713 Burns' Supp. 1921, Acts 1921 p. 159. This statute makes a violation of the above provision a misdemeanor, punishable by a fine, to which may be added imprisonment in the county jail. It follows that contracts of insurance in violation of

its provisions are void, although there is no express declaration to that effect. *Sandage* v. *The Studabaker, etc., Co.* (1895), 142 Ind. 148, 34 L. R. A. 363, 51 Am. St. 165; *Beecher* v. *Peru Trust Co.* (1912), 49 Ind. App. 184; *Horning* v. *McGill* (1917), 188 Ind. 332; *Moorhouse* v. *Kunkalman* (1911), 177 Ind. 471; *Naglebaugh* v. *Harder & Hoffer, etc., Co.* (1898), 21 Ind. App. 551; *McNay* v. *Town of Lowell* (1908), 41 Ind. App. 627. It will be observed that the provision of the statute quoted above is not in the nature of an affirmative enactment, giving validity to contracts of insurance which would otherwise have been invalid, but is in the nature of a negative enactment, rendering invalid contracts of insurance which otherwise would have been valid. Therefore, no contract of insurance which would have been invalid under the common law can be said to have validity by virtue of such provision.

We now proceed to apply the law as stated to the facts alleged. An examination of the complaint fails to disclose a statement of any facts which show,

4-6. either directly or by legitimate inference, that the said Louis Potts procured the policy in suit to be written, paid the premium thereon, selected appellant as the beneficiary thereof, or did any other act which made the policy one written on his own life, at his own request, for the benefit of one selected by himself. The allegations of the complaint with reference to the issuance of the policy, payment of the premiums thereon, etc., are as follows:

"Comes now the plaintiff  *  *  *  and says: That on the first day of April 1921, there was in full force and effect a certain policy of insurance, issued by the Traveler's Insurance Company  *  *  *  upon the life of one Louis Potts, now deceased,  *  *  *  at the instance and request of the Yellow Taxicab & Transfer Company  *  *  *  the then employer of said Louis

Potts, upon the payment to said Insurance Company by said employer of the premiums, by said Insurance Company demanded therefor, which said policy was identified as Group No. 1590, Policy No. 34;   *   *   *   that said policy provided for the payment of the sum of $2,000 to plaintiff, the sister of said insured in the event of the death of said insured during the life of said policy; that said employer, from the time of the original issuance of said policy until the death of said insured, at all times paid all the premiums and assessments of every nature, due and as the same became due."

It thus appears that someone other than the one on whose life the policy was written procured it to be issued and paid the premiums thereon, and, we may assume, selected the beneficiary named therein, since the contrary is not alleged. This being true, the policy in suit must be classed as a wagering contract, forbidden by law, unless the beneficiary named therein had an insurable interest in the life of said Louis Potts. Explanatory facts might have been alleged which would have warranted a different conclusion, but we may not assume that they exist in order to sustain the complaint. It is well settled in this state that an insurable interest does not arise from the mere fact of the kinship shown, but must be a pecuniary one, and be disclosed by the facts alleged. *Continental Life Ins. Co.* v. *Volger* (1883), 89 Ind. 572, 46 Am. Rep. 185; *Elkhart, etc., Assn.* v. *Houghton* (1884), 98 Ind. 149; *Prudential Ins. Co.* v. *Jenkins, supra; Peoples, etc., Soc.* v. *Templeton* (1896), 16 Ind. App. 126; *New York, etc., Ins. Co.* v. *Greenlee* (1908), 42 Ind. App. 82. In the instant case there are no facts alleged showing such an interest, and hence the demurrers of appellees to the complaint were properly sustained.

Judgment affirmed.