Stair v. Richardson.

———————◆———————

No. 12,553.

STAIR v. RICHARDSON.

BILL OF EXCEPTIONS.—*Statement that it Contains all the Evidence.*—*Verdict.*—A statement in the bill of exceptions, following the evidence, that "this was all the evidence *introduced* to the jury in the trial of the cause," is the substantial equivalent of "this was all the evidence *given* in the cause," where the question is as to the sufficiency of the evidence to sustain the verdict of the jury.

PARTNERSHIP.—*Dissolution.*—*Assignment by One Partner of Chose in Action.*—*Authority.*—After the dissolution of a partnership, one partner can not assign or transfer a chose in action belonging to the firm, without special authority, either express or implied, from the other partner.

PROMISSORY NOTE.—*Account.*—*Assignment.*—*Denial Under Oath.*—*Burden of Proof.*—Where the assignment of a note or account sued on is denied under oath by the defendant, the burden is on the plaintiff to show a sufficient assignment by a preponderance of the evidence.

From the Marshall Circuit Court.

*E. C. Martindale* and *S. Parker,* for appellant.

*M. A. O. Packard* and *C. Richardson,* for appellee.

NIBLACK, J.—Complaint by Charles Richardson against Frederick Stair in two paragraphs.

The first paragraph charged that the defendant was indebted to the plaintiff in the sum of $302.25 for services performed by A. C. and A. B. Capron, as lawyers; also by A. C. Capron and the plaintiff as lawyers; also by A. C. Capron. Likewise for money paid out and expended, and for work and labor done, by the several parties named as above, all at the special instance and request of the defendant, and as further illustrated by a bill of particulars. The paragraph also

Stair *v.* Richardson.

charged that the accounts for these services and the money expended had been, on the 12th day of January, 1885, assigned and transferred to the plaintiff.

The second paragraph counted upon three promissory notes. which had been executed by the defendant to other persons, and which, it was averred, had also been assigned and trans-ferred to the plaintiff.

The defendant answered in eleven paragraphs. The first. paragraph was in general denial, and the rest set up special matters in defence.

The third paragraph was duplex and informal in its char-acter, but it, among other things, argumentatively denied the assignments of the accounts and notes in suit, and its aver-ments were supported by the oath of one of the attorneys for the defendant. Reply in denial of the special paragraphs of answer.

There was a verdict for the plaintiff on both paragraphs of the complaint, and, over a motion for a new trial, chal-lenging the sufficiency of the evidence and alleging the occur-rence of other errors at the trial, the plaintiff had judgment on the verdict.

Error is assigned upon the overruling of the motion for a new trial, and that assignment of error is the only one relied. on in argument for a reversal of the judgment.

The bill of exceptions, purporting to contain the evidence given in the cause, concludes as follows: "And this was all the evidence, both oral and written, which was introduced to the jury in the trial of said cause."

The point is made that this statement is not the equivalent of saying, "And this was all the evidence given in the cause," and that hence the evidence is not properly before us.

This latter expression is more comprehensive in its terms than the statement contained in the bill of exceptions, but where, as in this case, the question is as to the sufficiency of the evidence to sustain the verdict, a statement that " this was all the evidence *introduced* to the jury in the trial of the cause "

is the practical equivalent of a statement that "this was all
the evidence *given* in the cause." When evidence is spoken
of as having been *introduced* in a cause, the reasonable infer-
ence is that the evidence referred to was *admitted* and *consid-
ered* in the cause, and when the verdict returned by a jury is
sought to be reviewed upon the evidence, a statement that
the evidence set out in the bill of exceptions was all the evi-
dence *introduced* to the jury at the trial, is substantially the
same as saying that the evidence so set out was all that was
*given* to the jury at the time of the trial, and hence is all that
can or need be considered in support of the verdict. *Beatty*
v. *O'Connor*, 106 Ind. 81. We are, consequently, led to the
conclusion that the evidence certified to us in this case is
properly in the record.

Albertus C. Capron was called as a witness for the plain-
tiff. He stated that he was the A. C. Capron referred to in
the complaint; that he and A. B. Capron, also referred to,
had been for many years previous to 1880, partners in the
practice of the law under the firm name of Capron & Capron;
that in the year 1880, he dissolved partnership with the said
A. B. Capron, and then formed a partnership with the plain-
tiff, Richardson; that he continued to practice law as a
partner with the plaintiff until May, 1884, when he and the
plaintiff also dissolved partnership; that a very considerable
part of the services sued for were performed by the firm of
Capron & Capron, and the rest were rendered by the firm of
Capron & Richardson, at the same time verifying, in general
terms, the correctness of the bill of particulars accompany-
ing the first paragraph of the complaint; that, on the 12th
day of January, 1885, he had a settlement of his partnership
business with the plaintiff, and then assigned to him, the
plaintiff, the account embraced in the bill of particulars, as
well as the notes described in the second paragraph of the
complaint.

The witness did not claim to have had, and there was no
evidence tending to prove that he had, any special authority

to assign the interest of A. B. Capron, either in the account or any of the notes, one of which appears on inspection to have been executed to the firm of Capron & Capron.

After the dissolution of a partnership, one partner has no power to assign or transfer a chose in action belonging to the firm, without some special authority, either express or implied, from the other partner or partners.    After the dissolution the former members of the firm are no longer partners, but are only tenants in common; and, where there is no agreement to the contrary, each partner, after dissolution, possesses the same authority to adjust the affairs of the firm, by collecting its debts and disposing of its property, as before the dissolution, but such former partners can no longer bind each other, even by varying the form of existing obligations.    After dissolution one partner can not endorse a partnership note, even to pay a prior debt of the firm.    1 Parsons Con. (7th ed.), p. 194, section 14; Whitworth v. Ballard, 56 Ind. 279.

The validity of the assignment of the account and notes having been denied under oath, it devolved upon the plaintiff to prove, by a preponderance of evidence, that a valid and proper assignment of the account and notes had been made, as was inferentially alleged by the complaint.    Lucas v. Baldwin, 97 Ind. 471.    This, as has been seen, the plaintiff failed to do.    The verdict was, consequently, not sustained by sufficient evidence.

The circuit court instructed the jury that as to all the paragraphs of the answer, except the first, the defendant, to maintain his defence, was required to establish the facts as respectively alleged by a preponderance of evidence.

For the reasons already given, this instruction, in its application to the third paragraph of the answer, was erroneous. Carver v. Carver, 97 Ind. 497.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed Dec. 10, 1886.