RAY *v.* MOORE, ADMINISTRATOR, ET AL.

[No. 3,426. Filed April 5, 1900.]

APPEAL AND ERROR.—*Instructions.—Modification.—Record.*—Available error cannot be predicated upon the action of the court in refusing to give an instruction, and in modifying and giving the same as modified, where there is nothing in the record to indicate in what respect the instruction was modified. *p. 484.*

Ray *v.* Moore, Adm.

INSTRUCTIONS.—*Refusal to Give.*—No error was committed in refusing to give an instruction, where the instruction refused was fairly covered by an instruction given.  *pp. 484, 485.*

SAME.—*Bills and Notes.*—*Consideration.*—In an action on a promissory note given for the alleged consideration that the payee would quit the patent right business and remain at home with his family during the life of the payor, an instruction, that, if the jury found that the note was given for such consideration, and the payee failed to keep his promise, and during said period did not quit the patent right business, did sell or attempt to sell patent rights, either on his own account or as a partner, assistant, or agent of another, the consideration of the note failed, is not objectionable as treating "the consideration as a whole," nor in that it " undertakes to combine all of the consideration into one, and then to add to it the element of an attempt to sell as assistant or agent of another," nor can it be said that it tells the jury that they may estimate the damages of an attempt to sell a patent right.  *pp. 486, 487.*

SAME.—*Bills and Notes.*—*Decedents' Estates.*—It was not error to instruct the jury in an action on a claim against a decedent's estate, based upon a promissory note. that it was the duty of the administrator to put in every lawful defense to the note.  *pp. 488-490.*

PLEADING.—*Answer.*—*Separate Defenses.*—Under the provisions of §350 Burns 1894, a defendant may plead in separate paragraphs of answer as many grounds of defense, counterclaim and set-off as he may have, and one defense separately pleaded cannot be used to disprove the other.  *pp. 488-490.*

INSTRUCTIONS.—*Bills and Notes.*—*Consideration.*—In an action on a note executed upon the consideration that the payee would remain at home with his family and not engage in the patent right business during the life of the payor, it was not error to refuse to instruct the jury, in effect, that the consideration was based upon the promise of the payee, and not upon the performance of the promise. *pp. 490, 491.*

From the Montgomery Circuit Court.  *Affirmed.*

*VanCleave & Paul, A. D. Thomas* and *W. T. Whittington,* for appellant.

*B. Crane* and *A. B. Anderson,* for appellees.

COMSTOCK, J.——Appellant's claim is based upon a promissory note in the words and figures following, to wit: "$10,-000 Philo, Ill., Sept. 5, 1896. After my death, after date, I

promise to pay to the order of Emerson Ray $10,000, value received, without any relief whatever from valuation or appraisement laws, with — per cent. interest from — until paid, and attorney's fees. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and non-payment of this note. E. H. Dick." Appellees Jesse N. Dick and Richard N. Cording were admitted as parties defendant to resist the allowance of the claim. The defendants (appellees here) filed a joint answer. For proceedings prior to the filing of said answer, reference is made to *Ray* v. *Moore,* 19 Ind. App. 690.

The first paragraph of answer is a general denial. The second avers that the pretended note is a pretended contract entered into in the state of Illinois, and is void under the laws of that state, because it is an attempt to make a testamentary bequest in violation of the statute of that state governing wills and testamentary bequests, which is set out at length. The third avers that the pretended note was without consideration, and was a mere gift *inter vivos,* and was not to take effect until after the death of the donor, and that it was executed in the state of Illinois, where Eli H. Dick resided, and that under the laws of that state it was not enforcible; setting out the law of Illinois on that subject as declared by the supreme court of that state. The fourth alleges substantially the same defense, based upon the fact that the pretended note was without consideration, was an unexecuted gift *inter vivos,* and not to take effect until after the death of Eli H. Dick; that it was executed in the state of Illinois, and, under the laws of that state, was not enforcible,—setting out the law upon the subject as in the preceding paragraph.

The defendants Jesse N. Dick and Richard N. Cording, as guardians of Eli J. Cording, filed their joint answer in three paragraphs. The first is a plea of *non est factum,* verified by the defendants. The second answers that the pretended note was given without consideration. The third

alleges that the sole consideration of the pretended note was the promise of the appellant that he would quit selling and trying to sell a certain patent right and gate, and would return to his home in Montgomery county, Indiana, and then continue to attend to his farm, and thereafter refrain from engaging in selling or trying to sell said patent right and gate; that, after making said promise, plaintiff left his home and farm in Montgomery county, Indiana, and engaged in selling and trying to sell said patent right and gate; that the consideration of the note had wholly failed. To this answer appellant replied in general denial. A trial by jury upon the issues thus formed resulted in a verdict for the defendants, upon which judgment was rendered in their favor.

The only error assigned in this court is the action of the court in overruling appellant's motion for a new trial. The only reasons for a new trial discussed, relate to instructions asked and refused, and those given by the court of its own motion. These will be considered in the order in which they are presented by appellant's brief.

Before discussing the alleged errors, we deem it proper to make the following statement of facts: E. H. Dick at the time this note bears date was a resident of the state of Illinois, and had been for many years. He died at his home, intestate, on January 31, 1897. Mr. Dick left as his heirs his widow, Jane B. Dick, and one son, Jesse N. Dick, and a grandson, Eli John Cording, a son of a deceased daughter. The widow and Abraham B. Maharry were appointed administratrix and administrator of the estate in the state of Illinois. It does not appear that any member or friend of the family had any knowledge of the existence of the note in suit until about six weeks after the appointment of the administrators, when Mr. Maharry received the following letter from the appellant: "Danville, Ill., March 23, 1897. Dear Sir: I have a note on Uncle Eli Dick for $10,000, which he gave me. The note was given last September. As you are the executor, what kind of procedure shall I take?

Yours very truly, Emerson Ray." This letter was answered by Mr. Maharry by the following letter. "Mr. Emerson Ray, Wingate, Ind. Dear Sir: Your favor of late date is received and contents noted. If you will please let me know the circumstances in reference to the $10,000 note,— how it came to be given, what it was given for, and who was present and witnessed the transaction, and it took place,— and I may be able to advise you what to do. But the information contained in your letter is so very meager I am unable to state just what course I think you ought to pursue. Yours truly, A. P. Maharry, Administrator of the estate of Eli H. Dick." This letter was never answered by Mr. Ray. April 19, 1897, the Tippecanoe Circuit Court appointed Hiram W. Moore as administrator of the estate of Eli H. Dick on the ground that Ray was a creditor, and Mr. Dick owned real and personal property in Tippecanoe county, in the State of Indiana.

The fourth reason for a new trial is the refusal of the court to give to the jury instruction numbered three requested by appellant, and in modifying, and giving the same as modified. Upon reference to the page of the record designated in appellant's brief, we find the fourth reason for a new trial stated to be error of the court in refusing to give to the jury the plaintiff's written instruction numbered three, and in amending, and in giving the same as amended. Upon another page of the record to which we are referred, we find instruction number three requested by appellant. It is lengthy,—covering some three pages of the record,— but there is nothing to indicate in what respect it was modified. The question attempted to be raised is, therefore, not presented.

The fifth reason is the refusal of the court to give instruction number five. It is as follows: "If there were two or more separate elements of consideration for the note sued upon, either one of said elements may sustain the validity of the note; and, in order to defeat the recovery of

the note for failure of consideration, you must find from the evidence that the plaintiff did not perform any part of the conisderation of said note, and that each and all the elements of the consideration of said note failed."

The court gave instruction numbered six. It reads: "It is contended on the part of the defendants that, if the said Eli H. Dick executed said note to the plaintiff, he did it upon the consideration that the plaintiff would quit the patent right business, go home, and stay with his family, and sell no more patent rights or gates as long as Eli H. Dick lived; but the defendants further contend that the consideration of said note has failed, and that the plaintiff after the making of said note sold patent rights and gates, and therefore said note is void. The burden of proof is on the defendants to prove this contention by a preponderance of the evidence. In order to defeat the collection of said note under this branch of the defendants' contention, the defendants must prove by a preponderance of the evidence that all said consideration failed. If all the consideration of said note did not fail, then the note is valid so far as the consideration is concerned." Conceding, without deciding, that the instruction refused correctly stated the law, it was fairly covered by instruction number six as above set out. The court committed no error. *Hinshaw* v. *State*, 147 Ind. 334, 387; *Anderson* v. *State*, 147 Ind. 445, 451.

The sixth reason is the modifying, and giving as modified, instruction number eight requested by appellant. The instruction as requested is as follows: "As a rule, where there is no fraud, and a party receives all the consideration he contracted for, the contract will not be set aside for want or failure of consideration; and, where the value of the consideration is indefinite and uncertain, the parties have a right to determine it for themselves, and courts and juries ought not to overturn their decisions upon its sufficiency; and whether one contracts for the performance of an act, or several acts, which will afford him pleasure, gratify his am-

bition, or please his fancy, his estimate of the value should be left undisturbed (and when there are two or more elements of the consideration, each of which are of indefinite and uncertain value, all agreed upon by the parties, then the court or the jury cannot substitute their judgment as to the sufficiency of the consideration). And the fact that love and affection or kinship may have been a part of the consideration cannot defeat the plaintiff's right of recovery." The modification of this instruction was the omission therefrom of the part included in parentheses. The omission of these words does not change the substance nor meaning of the instruction. It still tells the jury, in a manner unmistakably clear, that parties may enter into a valid contract, when the value of the consideration is indefinite, for the performance of one or several acts, and where love and kinship may have been a part of the consideration, and that courts and juries have no right, in the absence of fraud, to overturn such contract.

The giving of instruction number seven is made the seventh reason for a new trial. It is in the following language: "If you find from the evidence that the note in suit was executed by decedent, Eli H. Dick, and that the sole consideration of Emerson Ray that he would quit the patent right business, and not sell any more patent rights so long as Eli H. Dick should live, and go home, and stay with his family, and sell no more patent rights so long as said Eli H. Dick lived; and if you further find from the evidence that after the execution of said note, and during the lifetime of said Eli, said Ray failed to keep his said promise, and during said period did not quit the patent right business, and did not go home and stay with his family, but during said period did engage in the patent right business, did sell or attempt to sell patent rights, either on his own account or as partner, assistant, or agent of another, then I instruct you the consideration of the note failed, and you should find for the defendants."

Ray *v.* Moore, Adm.

The general objection is made to the instruction that it treats "the consideration as a whole." The last part is especially objected to because it "undertakes to combine all the elements of consideration into one, and then to add to it the element of an attempt to sell as assistant or agent of another." It is urged that the jury were thus instructed that a single act of appellant in selling or in attempting to sell a patent right would authorize them to find for the defendants. It is insisted, also, that the instruction utterly ignores the proposition that a promise is a consideration for a promise, with or without performance; that he could not leave his farm or family to visit a relative or friend, or to attend to the ordinary affairs of life; that it tells the jury that they have the right to place an estimate of damage upon an attempt to sell a patent right as an assistant or agent. We are of the opinion that the instruction is not open to the objections. It puts upon appellees the burden of proving the entire failure of appellant to perform his entire promise. Nor can it be fairly said that it tells the jury that they may estimate the damages of an attempt to sell a patent right.

In instruction number nine, the court said: "If afterwards, in December, 1896, or January, 1897, the plaintiff went with William Thomas to Kankakee, Ill., for the purpose of hanging a gate for him,—help him set up a gate,—and stayed there a few days, and showed him how to operate it; and if you further find that the plaintiff in January, 1897, went with a Mr. Newlin to Champaign, Ill., and set up and hung a gate for him one afternoon and the next morning, and then came home,—I instruct you these facts alone would not show a selling of a patent right, or a carrying on a patent right business even if he was paid wages, and his expenses were paid." A single act could not, in the light of instruction number nine, have had the effect upon the minds of the jury claimed by counsel for appellant, and could not have misled the jury. The jury must be presumed to be possessed of fair intelligence and judgment.

The eighth and tenth reasons for a new trial are discussed together.   The eighth reason is the giving of instruction number eleven.   The tenth is the refusing to give instruction number twelve requested by appellant.   In the eleventh instruction the jury were told that they might take into consideration any admissions in the pleadings, along with the other evidence; that the law made it the duty of an administrator to put in every lawful defense to a note filed against his decedent's estate; that if he was ignorant of the facts of the case, but had evidence leading him to believe that the note was not signed by the decedent, that if such note was executed by the decedent, that the consideration had failed, or that it was executed without consideration, that it would be his duty to proceed upon and furnish evidence upon each of said defenses in the order named.   The jury were also told that they had the right to consider the means such administrator had of knowing the facts in the case.

In the instruction refused, the court was requested to say to the jury that the second, third, and ·fourth paragraphs of answer and the second and third paragraphs of the joint answer were each answers in confession and avoidance; that each admits the making of the note, and alleges matters in avoidance; that the second paragraph of the first named answer alleges that the note was made in Illinois, and attempts to avoid it by alleging that it was a testamentary disposition, under the laws of that state; that the third and fourth paragraphs admit that the note was executed in Illinois, and undertake to avoid it by alleging that it was a gift without consideration; that the second paragraph of the joint answer admits the execution of the note, and seeks to avoid it by alleging that it was given without consideration; that the third paragraph admits that there was a valuable consideration for the note, but alleges that the consideration had failed; that all of said admissions were solemn admissions and evidence against the defendants, and

must be taken as facts admitted by the defendants; and that they had the right to consider said admissions along with the other evidence in the case.  Aside from the expression "solemn admissions" employed in the twelfth, and "every admission," used in the eleventh, with reference to the pleadings and a statement of the defenses in the several paragraphs of the answer, the difference in the two instructions is in the statement contained in the first, that "the law makes it the duty of an administrator to put in every lawful defense he may have to a note filed against the estate which he represents."  Appellant insists that appellees were not required to plead any of these defenses; that they could all be proved under the general denial put in by statute in such cases.  Of this portion of the instruction, appellant can not, with reason, complain.  The fact that the defense set up, by special answers, matter provable under the general denial, could not prejudice his cause.  It is the duty of the administrator to avail himself of any defense within his knowledge to any claim against his decedent's estate which he has reason to believe invalid.  But appellant insists that the second and third paragraphs of the answer are contradictory, and repugnant to the paragraph of *non est factum*, and that the admission of the note stands admitted of record.  §350 Burns 1894, §347 Horner 1897, is as follows:  "The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off, whether legal or equitable as he shall have."  Each defense must be set up in a separate paragraph, and each paragraph must be complete in itself.  *Knarr* v. *Conoway*, 42 Ind. 260; *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18.

Confession and avoidance and denial can not be pleaded in the same paragraph.  *Woolen* v. *Whitacre,* 73 Ind. 198. Each pleading must stand on its own ground.  The admissions made in one pleading are conclusive as to that pleading, but can not be used as evidence in issues joined in other pleadings.  *Bartlett* v. *Prescott,* 41 N. H. 493;

*Springer* v. *Dwyer*, 50 N. Y. 19; *Bruce* v. *Burr*, 67 N. Y. 237; *Buhne* v. *Corbett*, 43 Cal. 264.

Pomeroy on Remedies and Remedial Rights, §724, says: "When a denial is pleaded in connection with a defense of new matter, or two defenses of new matter are set up, the admissions in the one can never be used to destroy the effect of the other. The concessions of a defense by way of confession and avoidance do not obviate the necessity of proving the averments contradicted by the denial. This rule is universal. Even in those states where inconsistent defenses are not permitted to stand, the remedy is by striking out, or by compelling an election, and not by using the admissions of one to destroy the issues raised by the others." See, also, *Wheeler* v. *Robb*, 1 Blackf. 330, 12 Am. Dec. 245; *Ricket* v. *Stanley*, 6 Blackf. 169; *Weston* v. *Lumley*, 33 Ind. 486. The question is so conclusively settled in this jurisdiction that further citations are unnecessary. The cases cited by appellant's counsel are either not in conflict with the above decisions, or are not applicable to the question.

The ninth reason for a new trial was the refusal of the court to give instruction number eleven requested by appellant. That instruction reads as follows: "In the absence of fraud, if a man make a promissory note to another named therein as payee, in the consideration of the promise made by the payee to the maker of the note to do some act, or a number of acts, and has not in express terms inserted in the note made that the performance of the promise contained in the note depends upon the performance of the promises made by the payee, he (the maker of the note) is not discharged from his liability on the note by reason of the payee's breach of his promise, in failing to do or perform one or more of the elements of his promise; for the maker of the note has given his note in consideration of the promise of the payee, and not in consideration of the performance of the payee's promises. The promise made by the payee may consist of promises that are divisible into several parts, and may admit

Ray v. Moore, Adm.

of more or less complete performance, and the payee's promise in such case may be regarded as a number of promises to do a number of acts; and a breach of one of several divisible promises will not discharge the maker of the note from his liability to pay the note. Before such note can be defeated on the ground of total failure of consideration all of such divisible promises forming the consideration of the note must be shown to have failed, and that none of them was performed by the payee." This instruction is based upon the theory that appellant's right to recover is based solely upon his promise. The proposition made by Eli H. Dick to, and accepted by, appellant, constituted the consideration. That consideration, shown by appellant, as set out in the court's statement of facts in this opinion, consisted in doing certain things. The proposition was to do these things, and he accepted "the proposition". The argument of counsel would lead to the conclusion that he had only to promise to do the acts which were the consideration, or to do one of the acts and fail to do the others, and still he could enforce the collection of the note.

The eleventh reason for a new trial was the refusal of the court to give instruction number fifteen. It presents substantially the same questions passed upon in considering the eighth and tenth reasons for a new trial; that is, the right of appellee to plead inconsistent defenses, and that one defense separately pleaded could not be used to disprove the other. When the plaintiff's remedies are inconsistent, he must elect. In *First Nat. Bank* v. *Dovetail, etc., Co.,* 143 Ind. 534, which is strongly relied upon by appellant in support of the eleventh reason for a new trial, the Supreme Court held that an appellant who had treated an organization as a corporation, by suing it and securing the appointment of a receiver, and obtaining a judgment against it as such, could not upon appeal be heard to say that it was not a corporation; that courts are not required to adopt inconsistent propositions.

In *Second Nat. Bank* v. *Hart*, 8 Ind. App. 19, also cited by appellant, the court held a paragraph of answer to a complaint on a promissory note bad, which set up that the note was given in part payment of a harvesting machine purchased by appellee of Arms, Whitely & Company; that the machine was sold upon a written warranty; that appellant did not become the owner until after maturity, "or, if it did become such owner, it was only for the purpose of collecting the same for said Whitely & Company, or with the agreement or understanding that said Whitely & Company would keep said bank harmless"—holding that there was an utter absence of a necessary fact left standing when the entire averment was considered.

We can not agree with appellant's theory—which is pressed in the argument upon several of the errors claimed in this cause—that the consideration for the execution of the note is divisible, that it may be analyzed, resolved into different elements, and, because if the value of one or more of these elements can not be exactly estimated in money, a failure to perform all the consideration shall not work a failure of consideration. Taken together, the instructions given fairly state the law. Those refused were properly refused. While there is a conflict in the evidence as to the several issues, there is evidence to sustain the verdict on either of them. The cause was fairly tried. There is no error for which the judgment should be reversed. Judgment affirmed.