# FUDGE v. MARQUELL.

[No. 20,397.   Filed November 29, 1904.   Rehearing denied March
30, 1905.]

164   447
165   231
165   519

164      447
f170    296

1. NEW TRIAL.—*Evidence.*—*Sufficiency.*—A new trial will not be
granted to the plaintiff because of the insufficiency of the evidence
in an action on a promissory note, the defense being *non est factum*,
where defendant testified that the note he really signed was for $700
and J. M. F. was payee, the note sued on being for $765 and the
payee L. N. M., although he was contradicted by J. M. F. and by
plaintiff's attorney.  p. 449.

2. SAME.—*Surprise.*—The plaintiff, for the purpose of a new trial,
can not be "surprised" at the defendant's testimony that he did not
execute the note sued on when he has had a plea of *non est factum*
on file for three months.  p. 450.

3. EVIDENCE.—*Tax Lists.*—On an issue as to the ownership by the
plaintiff of the note sued on, tax lists made out and sworn to during
the time she claimed to own such note, which did not include such
note, were properly admissible against her.  p. 451.

4. TRIAL.—*Bills and Notes.*—*Non est Factum.*—*Burden.*—In an action
on a promissory note where the defense is *non est factum* the burden
is on the plaintiff to show the execution of the note.  p. 452.

5. SAME.—*Bills and Notes.*—*Special Answer.*—*Burden.*—Where the
defendant in an action on a promissory note admits his signature to
the note but alleges subsequent alterations, the burden is upon him
to establish such alterations.  p. 452.

6. BILLS AND NOTES.—*Subsequent Alterations.*—*Purchaser with No-
tice.*—A purchaser of a note, with notice of material, unauthorized
alterations therein, can not enforce such note.  p. 453.

7. TRIAL.—*Evidence.*—*Non est Factum.*—Where the plea is *non est
factum* in general terms, evidence is admissible thereunder to show
material subsequent alterations without the maker's consent.  p. 453.

8. PLEADING.—*Bills and Notes.*—*Non est Factum.*—*Subsequent Alter-
ations.*—A general plea of *non est factum* is not inconsistent with a
special plea showing subsequent material unauthorized alterations in
a note, and the latter is not an admission of the genuineness of the
note sued on.  p. 454.

9. TRIAL.—*Burden.*—*Non est Factum.*—The statute requiring the de-
nial of the execution of a writing to be verified did not change the
burden of proof, but the plaintiff must as against the general denial
prove by a preponderance the material allegations of his complaint.
p. 455.

10. PLEADING.—*General Denial.*—*Special Denial.*—*Proof.*—In a civil
action upon contract, the defendant may answer the general denial

and prove a different contract than the one sued on, or he may answer the general denial and a special denial setting up the facts as he understands them.   p. 455.

11.   PLEADING.—*Answers.*—*Inconsistencies.*—Under the statute a defendant can plead as many defenses as he may have, legal or equitable, and the fact that they may be inconsistent or in conflict can not destroy them nor prejudice defendant, provided they are in separate paragraphs.   p. 456.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Susannah E. Fudge against Henry M. Marquell.   From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*William W. Orr* and *Harry H. Orr,* for appellant.
*James N. Templer* and *Edward R. Templer,* for appellee.

JORDAN, J.—Appellant in this action (plaintiff below) alleged in her complaint that appellee Henry M. Marquell and Willard E. Baldwin, on February 6, 1899, executed a promissory note payable to the order of Lewis N. Martin at the Delaware County National Bank of Muncie, Indiana, for the sum of $765, with interest and attorneys' fees; that Martin, before the maturity of this note, assigned it, by indorsement, to John M. Fudge, who subsequently, before its maturity, in like manner assigned it to the plaintiff. Appellee filed his answer to the complaint in eight paragraphs.   Appellant's demurrer was sustained to the fourth, fifth, sixth and seventh, leaving therein the first, second, third and eighth paragraphs.   Upon leave of court appellee filed an additional paragraph, numbered nine.

The first paragraph of the answer in question is the general denial.   The second is a plea of *non est factum.* The third is likewise an answer of *non est factum,* whereby appellee alleged that he did not execute the note in suit; that the same was not his act or deed.   The eighth paragraph appears to be a special plea of *non est factum* by which appellee admits that he signed the note in suit, but avers that

Fudge *v.* Marquell.

since he signed the same it has been altered and changed, without his knowledge or consent, in this: At the time he signed the note it called for $700, as principal, and John M. Fudge was the payee therein. Said principal sum has been changed so as to make the note call for $765, and the payee has been changed from John M. Fudge to one Lewis N. Martin. By the ninth paragraph it is averred that the plaintiff is not the *bona fide* holder or owner of the note in suit; that John M. Fudge is the owner thereof, etc. The answer, except the ninth paragraph, is verified by the affidavit of appellee. Plaintiff replied by the general denial. The issues as joined were tried by a jury, and a verdict returned in favor of appellee. Along with this verdict the jury returned answers to a series of interrogatories. Over appellant's motion for a new trial judgment was rendered that she take nothing by her action, and that the defendant recover of her his costs laid out and expended.

The general error relied on by appellant for a reversal arises out of the ruling of the court in denying the motion for a new trial. The specific grounds advanced and argued by her counsel are (1) that the verdict is not sustained by sufficient evidence and is contrary to law; (2) surprise occurring at the trial; (3) error of the court in admitting in evidence the tax schedules of plaintiff for the years of 1900 and 1901; and (4) that the court erred in giving certain instructions to the jury.

1. The contention of appellant's counsel that the evidence is not sufficient to sustain the verdict and is also contrary to law is untenable. The evidence discloses that John M. Fudge, the husband of appellant, prior to February 6, 1899, was conducting a boot and shoe store at the town of Albany, Delaware county, Indiana. About that date it appears that he sold his stock of goods to Willard E. Baldwin, who is the principal in the note in suit. A part of the purchase price for the sale of the goods was paid in cash,

and the remainder was to be settled by Baldwin executing notes with surety thereon. It appears to have been agreed between Baldwin and appellee that the latter would become his surety on two notes to be executed by him to Fudge for the deferred payments of the purchase money. At the trial appellee testified positively that Baldwin presented two notes for him to sign as surety, each of which was payable to John M. Fudge, and not to Lewis N. Martin, who appears as the payee in the note in suit. One of the notes was for $700, and the other for $800. Appellee testified that these notes were the only notes which he signed as surety for Baldwin, and that he never signed nor executed the note upon which appellant sought to recover against him in this action. It is true that his evidence upon the issue of *non est factum* was controverted by two witnesses introduced by appellant, one being her husband, John M. Fudge, and the other Joseph Le Favour, one of her attorneys in the suit. Appellee, however, appears to have introduced evidence which tended to impeach the character of these witnesses; and the jury seem to have accepted the testimony of appellee, along with the other circumstances, as the most credible evidence, for it is expressly disclosed by their answers to the interrogatories that they found in favor of appellee upon the issue of *non est factum*. In reviewing the sufficiency of evidence to sustain the judgment below, we consider only that which is most favorable to the prevailing party in the lower court; and, if it is sufficient to support the judgment in all material respects, we can not, under such circumstances, disturb it, although the preponderance may apparently be in favor of the losing party.

2. In regard to the question urged by appellant, that she was surprised at the trial by the evidence given by appellee to the effect that he did not execute the note in controversy, it may be said that there are no substantial grounds or reasons presented by her to sustain this contention. Appellee's answer tendering the issue of *non est factum* had been

on file some three months before the trial of this cause. She certainly should have anticipated that he would testify in support of this issue. While it is true that §568 Burns 1901, §559 R. S. 1881, provides that a new trial may be granted for "surprise which ordinary prudence could not have guarded against," nevertheless it is well settled that a party has no reason to be surprised at evidence introduced by his adversary which was admissible under the issues in the case. *Helm* v. *First Nat. Bank* (1883), 91 Ind. 44; *Bingham* v. *Walk* (1891), 128 Ind. 164; *Working* v. *Garn* (1897), 148 Ind. 546; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267.

3. On the trial, appellee, over the objections of appellant, was permitted to introduce in evidence the tax lists or schedules of appellant returned for the years of 1900 and 1901. These lists were shown to have been made by her under the direction of the township assessor, and were verified by her affidavit. The schedules in question were on file in the auditor's office of Delaware county. They were offered and admitted as evidence only as tending to support the issue tendered by the ninth paragraph of the answer, to the effect that appellant was not the owner of the note in suit. This note was not returned for taxation in these schedules. Under the circumstances, therefore, they were admissible as tending to prove that the note was not owned by her on the 1st day of April of each of the aforesaid years. It could be properly assumed that her tax lists or schedules embraced all of the personal property owned by her on the 1st day of April of each of the respective years. *Lefever* v. *Johnson* (1881), 79 Ind. 554; *Cincinnati, etc., R. Co.* v. *McDougall* (1886), 108 Ind. 179; *Towns* v. *Smith* (1888), 115 Ind. 480, and cases there cited. But if it were conceded that the court erred in admitting the schedules in controversy, such error is shown to have been harmless, for the jury expressly find, in their answer to an interrogatory, in favor of appellant on the issue tendered by the ninth

paragraph of the answer. The court, at the request of appellant, and on its own motion, appears to have fully instructed the jury upon the questions at issue between the parties. Counsel for appellant, however, insist that the court erred in giving on its own motion the third, tenth, eleventh and fourteenth instructions.

4. By the third instruction of the court's charge the jury was advised that under the issues formed by the complaint, and the first, second and third paragraphs of the answer, the burden was cast upon the plaintiff to prove the material allegations of her complaint by a fair preponderance of the evidence. The court further stated therein that, under the issues joined by the complaint and the eighth paragraph of the answer, the burden was upon the plaintiff to prove the material allegations of her complaint by a fair preponderance of the evidence, and that the burden was on the defendant to prove the material allegations of the said paragraph of his answer. In connection with the third instruction, the tenth informed the jury that the burden of proof as to the execution of the note in suit by appellee was on the plaintiff, and in order to recover she must prove its execution by a fair preponderance of the evidence. Neither of the instructions in question is erroneous. The authorities fully affirm that when the execution of a written instrument is denied under oath, as was the execution of the note in issue by the first, second and third paragraphs of the answer, the party relying on such instrument has throughout the trial the affirmative of that issue, and the burden rests upon him to establish the execution of the instrument by a preponderance of the evidence. *Carver* v. *Carver* (1884), 97 Ind. 497, and cases there cited; *Wines* v. *State Bank* (1899), 22 Ind. App. 114; *Slair* v. *Richardson* (1886), 108 Ind. 429; §367 Burns 1901, §364 R. S. 1881 and Horner 1901.

5. Where, however, a party admits the execution of a promissory note or other instrument, but sets up as a defense that it was subsequently without his consent, materially

altered, the burden is upon him to establish the alleged alteration by a preponderance of the evidence. *Insurance Co.* v. *Brim* (1887), 111 Ind. 281, and cases cited on page 283; 2 Cyc. Law and Proc., 233.

6. The eleventh instruction advised the jury that if they believed from the evidence that the defendant Marquell executed the note in suit, and at the time of its execution it called for $700, but thereafter, without the consent of said defendant, it was altered by Martin, the payee, and John M. Fudge, to whom it was assigned, or by either of these parties, so as to call for $765, or was so altered by their procurement, and that the plaintiff, before she became the owner thereof, had notice of such alteration, and with such knowledge purchased the note, then she would not be an innocent purchaser, and would be chargeable with the infirmities of the note. Under the evidence in the case the court committed no error in giving this instruction.

7. The fourteenth charge, of which appellant complains, states that the defendant had the right, under the issues in the case, to make the defense (1) that he did not execute the note in suit; (2) that after its execution it was changed and altered in some material part. Counsel urge as an objection to this charge that it assumes that under the general plea of *non est factum* the defendant had the right to prove alterations of the note other than the particular one alleged in paragraph eight of the answer. A general plea of *non est factum* will authorize the party interposing it to prove that after the execution of the instrument in question it was altered without his consent. As the answer contained a general plea of *non est factum* therefore the defendant was not confined alone to the eighth paragraph. *Palmer* v. *Poor* (1889), 121 Ind. 135, 6 L. R. A. 469; *Conner* v. *Sharpe* (1866), 27 Ind. 41.

We have examined and carefully considered all of the questions upon which appellant relies, but find no available error in the record. The judgment is therefore affirmed.

## ON PETITION FOR REHEARING.

MONTGOMERY, J.—Appellant's petition for a rehearing assails substantially every conclusion of the court announced in the original opinion, and upon practically the same authorities and the same argument advanced in the original brief we are asked to change our decision in this case. The cause was carefully considered before the decision was rendered, and upon reëxamination of the questions presented we find no reason for changing the result then reached.

8.   Appellant's counsel insist with great earnestness that the answer of *non est factum* is incompatible and inconsistent with the eighth paragraph of answer, which admits under oath the signing and delivery of a note for $700, payable to John M. Fudge, but alleges that after the execution of said note it was altered, without the knowledge or consent of defendant, by raising the face of the note to $765, and substituting Lewis N. Martin as payee, and we are urged to declare the law to be that one of these answers nullifies and overthrows the other, and that they can not stand together.

It is asserted by counsel that the eighth paragraph of answer is a solemn admission *in judicio* of the execution of the note sued upon, which note is for $765, and payable to Lewis N. Martin. The fallacy of the entire argument grows out of this erroneous assumption. Appellant declares, and must recover if at all, upon a note for $765, payable to Martin; and appellee in no manner and by no means admits the execution of this note. On the contrary, appellee denies under oath in each paragraph of the answer the execution of this note, but in the eighth paragraph admits that the signature upon the paper sued on is genuine, but avers that the note otherwise is a forgery. The eighth paragraph of answer is in entire harmony with the second and third, and is negative in character, in this, that it denies the execution of the note in the form and substance as declared

upon in the complaint, and affirmative only in so far as it specifically points out the alterations relied upon to defeat a recovery. If appellant may rightfully insist upon this paragraph of answer as an admission against appellee, she must accept the admission with the accompanying qualifications. The answer must be taken as a whole, as tendered. The answer that the signature is genuine, but the note otherwise false and forged, all taken as true, would be an admission of little value to appellant, and if it were the only answer on file would not serve as a confession of the cause of action, or justify a recovery in the absence of proof otherwise. *Childers* v. *First Nat. Bank* (1897), 147 Ind. 430.

In the case of *Wiltfong* v. *Schafer* (1889), 121 Ind. 264, 266, a similar answer was criticised by counsel as both admitting and denying the execution of the note in suit, and in response thereto, the court said: "We do not so understand the plea. It admits the signature to the note, but avers that since it was so signed the note has been changed in certain material respects, setting out the changes."

9. The burden of proving the material allegations of a complaint, when denied by the defendant, in all cases rests upon the plaintiff. In this case appellant, at common law, would have been required upon an answer in general denial to prove by a preponderance of evidence the signing and delivery of the note in the amount and terms substantially as declared upon in her complaint. Section 367 Burns 1901, §364 R. S. 1881, does not change the rule as to the burden of proof, but only provides that when the execution of a written instrument constituting the foundation of the action, and referred to in the complaint, is denied, such denial must be under oath. In the absence of this statute appellee might have filed a general denial, and also a special denial showing a material alteration of the writing, in answer to the complaint, without verification.

10. The filing of a general *non est factum,* and also a particular or special *non est factum* alleging the forged

signature, nondelivery, or material alteration of the instrument in suit, is not a strange or unusual practice. In all civil actions founded upon a particular contract the defendant may answer by general denial, and prove under it a different contract from that sued upon and defeat a recovery; or, if he chooses to do so, he may answer by general denial, and also by a special paragraph of denial setting up the contract which he admits having made in respect to the same subject-matter, but in such different terms as he understands the facts to warrant. *Gray* v. *Taylor* (1891), 2 Ind. App. 155; *Crum* v. *Yundt* (1895), 12 Ind. App. 308, 311; *Baltimore, etc., R. Co.* v. *Ragsdale* (1896), 14 Ind. App. 406; *Hamline* v. *Engle* (1896), 14 Ind. App. 685.

11.    Section 350 Burns 1901, §347 R. S. 1881, authorizes a defendant to file as many defenses as he may have, either legal or equitable. Answers both in denial and in confession and avoidance of the cause of action may be filed together, and both be relied upon at the same time, and one may not be used to destroy the force and effect of the other, so long as they are set forth in separate paragraphs. This has been the settled and uniform practice of our State from the earliest times, and we perceive no reason to disturb it. *Wheeler* v. *Robb* (1824), 1 Blackf. 330, 12 Am. Dec. 245; *Ricket* v. *Stanley* (1842), 6 Blackf. 169; *Arnold* v. *Sturges* (1839), 5 Blackf. 256; *Weston* v. *Lumley* (1870), 33 Ind. 486; *Smelser* v. *Wayne, etc., Turnpike Co.* (1882), 82 Ind. 417; *Palmer* v. *Poor* (1889), 121 Ind. 135, 6 L. R. A. 469; *People's Mut. Benefit, etc., Soc.* v. *Templeton* (1896), 16 Ind. App. 126; *Ray* v. *Moore* (1900), 24 Ind. App. 480.

The petition is overruled.