## GRAVES v. GARARD ET AL.

[No. 6,724.    Filed December 9, 1909.]

1. COVENANT.—*Breach of.*—*Seisin.*—*Right of Action.*—An action for a breach of covenant of seisin can be maintained only by the person entitled to the possession at the time of the breach, such right of action being personal and accruing solely to the covenantee.  p. 714.

2. TRIAL.—*Special Findings.*—*Omissions.* — *Covenant.* — *Breach.* — *Trusts.*—The absence of a finding that the covenantee's grantee was the *cestui que trust* of such covenantee destroys such grantee's right to a judgment for the grantor's breach of his covenant of seisin to the covenantee.  p. 714.

3. APPEAL.—*New Trial.*—*Time for Filing.*—A motion for a new trial shown to have been filed on the first day of the succeeding term, is in the record, where the case was decided on the last day of the previous term.  p. 714.

4. DEEDS.—*Trusts.*—*Parent and Child.*—*Advancements.*—*Presumptions.*—Where a father conveyed his farm in exchange for another, the deed being taken in his son's name, the presumption, in the absence of other evidence, is, that the farm constituted an advancement to such son, and not a resulting trust for the father.  p. 714.

5. EVIDENCE.—*Parol.* — *Intention.* — *Deeds.* — *Parent and Child.* — *Trusts.*—Parol evidence is admissible to show that a deed from a father to his son constitutes a trust for such father.  p. 715.

6. PLEADING.—*Answer.*—*Denial.*—*Admissions in Other Paragraphs.*—Where the defendants file an answer in general denial along

with affirmative paragraphs containing admissions, the plaintiff cannot rely upon such admissions in support of his complaint, but must prove every material allegation thereof. p. 716.

From Jackson Circuit Court; *Joseph H. Shea,* Judge.

Action by Thomas S. Graves against Tunis Garard and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Kochenour & Prince, H. S. McMichael* and *Charles F. Coffin,* for appellant.

*James A. Cox,* and *Seba A. Barnes,* for appellees.

Roby, J.—The appellant, Thomas S. Graves, sought to recover the value of twelve acres of land, which he avers was conveyed by warranty deed to Michael E. Graves, his son, who, he avers, took the same "for his benefit and at the request and direction of the plaintiff." The basis of the action is the alleged breach of the covenant of seisin contained in the deed. The court made a special finding of facts, stated conclusions of law for the defendant, to which plaintiff duly excepted, and rendered judgment accordingly, from which the appeal is taken. The finding shows that appellees conveyed 298 acres of land in Hamilton county, twelve acres of which was described as twelve acres off the whole north side of section twenty-three, and that part of the southwest quarter of section twenty-four that lies west of White river. Appellees, at the time of the conveyance, owned and occupied all the real estate described in the deed, except said twelve acres. With an insignificant exception, neither Michael E. Graves nor the plaintiff ever received any portion of said twelve acres. Concurrently with the execution of the deed from appellees to Michael E. Graves, and as a part of the consideration therefor, the appellant conveyed by warranty deed to appellees 840 acres of real estate situated in Jackson county, Indiana, the consideration named in such deed being $10,000. Michael E. Graves and wife on February 2, 1904, conveyed said Hamilton county land to the ap-

pellant, the consideration expressed in the deed being ''$1, and other valuable considerations.'' The fifteenth finding was as follows: ''There is no evidence to show that the plaintiff, Thomas S. Graves, had any title to or interest in said described real estate until the conveyance to him on February 2, 1904, by Michael E. Graves and Bessie Graves, his wife.'' Other facts are exhibited, but they are not material to the decision.

An action for breach of the covenant of seisin can only be brought by him who is entitled to the possession at the time of the breach; the action is personal to and accrues to the covenantee at the time of the breach. *Bethell* v. *Bethell* (1876), 54 Ind. 428; *Craig* v. *Donovan* (1878), 63 Ind. 513; *Jackson* v. *Green* (1887), 112 Ind. 341.

The absence of a finding in plaintiff's favor as to his averment that Michael E. Graves took said conveyance for the benefit of and at the request and direction of the plaintiff prevented conclusions of law in his favor, as does the express finding, number fifteen. The exceptions to such conclusions were not therefore well taken.

It is urged in appellees' brief that the motion for a new trial is not properly in the record, for the reason that the motion was not presented to the court on the first day of the term following the term at which it was decided, it being decided on the last day thereof. The return to a writ of *certiorari* shows, however, that the motion was properly made on the first day of the following term.

The assignment that the court erred in overruling appellant's motion for a new trial requires a review of the evidence. The fifteenth finding, before quoted, seems to be expressive of the fact. A contract was entered into between appellant and appellees for the purchase and sale of their respective farms. Appellees conveyed their farm to Michael E. Graves, son of appellant. This son, five months later, conveyed the land to his father. Whatever the

actual facts may be there is no evidence in the record, beyond these circumstances, tending to show that Michael E. Graves took the property in trust for the plaintiff. If a father purchase real estate with his own money, in the name of his children, the purchase is presumed to be an advancement to the children, and not a resulting trust for the father. *Stanley* v. *Brannon* (1842), 6 Blackf. 193; *Baker* v. *Leathers* (1852), 3 Ind. 558; *McCaw* v. *Burk* (1869), 31 Ind. 56; *Montgomery* v. *Craig* (1891), 128 Ind. 48. In *Woolery* v. *Woolery* (1868), 29 Ind. 249, 95 Am. Dec. 629, a question for decision was whether a voluntary conveyance of land made by a parent to a child was an advancement or a gift.

It was held that such conveyance was *prima facie* an 5. advancement, and not a gift; but that the question was purely one of intention on the part of the parent, and that parol evidence tending to show his intention was admissible.

Appellant insists that the following averment in appellees' second paragraph of affirmative answer dispenses with proof upon this point: "And the defendants say that at the 6. time of the execution and delivery of defendants' said deed to said Michael E. Graves for the use of plaintiff, as alleged in plaintiff's amended complaint, the plaintiff took possession of," etc. Appellees filed a general denial to each paragraph of the amended complaint, and this cast the burden upon appellant of proving all the material allegations of his complaint. Admissions made in an affirmative paragraph of answer, pleaded along with a general denial, cannot be taken as proof of a waiver thereof, nor as admissions to relieve the plaintiff of the burden cast upon him by the general denial. *Ray* v. *Moore* (1900), 24 Ind. App. 480; *Johnson* v. *Sherwood* (1905), 34 Ind. App. 490; *Fudge* v. *Marquell* (1905), 164 Ind. 447.

Judgment affirmed.