# WESTERN UNION TELEGRAPH COMPANY *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY ET AL.

### [No. 22,551. Filed May 25, 1915.]

1. EMINENT DOMAIN.—*Second Appropriation.—Consistency of Uses. —Statutes.*—While lands once condemned for a public use can not be again condemned for another public use inconsistent with the former, and which would destroy it, in the absence of a statute authorizing same, a second appropriation may be had of land devoted to a public use, under the provisions of a general statute, if the use under the second appropriation is not so inconsistent with the former as to render compensation in damages for the interference impossible; hence the right of a telegraph company to appropriate by writ of assessment of damages under §§929, 5770 Burns 1914, Acts 1905 p. 59, §4166 R. S. 1881, a right of way

Western Union Tel. Co. *v.* Louisville, etc., R. Co.—183 Ind. 258.

for its poles and wires along the right of way of a railroad company must depend upon the degree of interference which such poles and wires will cause in the railroad use. p. 260.

2. APPEAL.—*Review.—Findings.—Evidence.*—The finding of the trial court can not be disturbed on the evidence if there is some evidence to support it, and in determining the sufficiency of the evidence the court on appeal can consider only that which is most favorable to the appellee. p. 262.

3. EMINENT DOMAIN.—*Second Appropriation.—Consistency of Uses. —Findings.—Conclusiveness.*—In a proceeding by a telegraph company to appropriate by writ of assessment of damages a right of way along the right of way of a railroad company, where the evidence was conflicting and that most favorable to the railroad company showed a state of facts justifying the inference by the trial court that the use by the telegraph company would constitute a material and substantial interference with the use of the railroad company, the finding in favor of the latter was conclusive. p. 262.

4. APPEAL.—*Review.—Findings.—Inferences.*—Where an ultimate material fact is to be inferred from other facts proved, it is the province of the court or jury to draw the inference and thus find the ultimate fact, and, when the facts upon which the inference is based are susceptible of different reasonable inferences, the court on appeal can not say that the fact found as the result of the inference drawn is not sustained by the evidence. p. 263.

From Vanderburgh Circuit Court; *Duncan C. Givens,* Judge.

Condemnation proceeding by the Western Union Telegraph Company against the Louisville and Nashville Railroad Company and another. From a judgment for defendants, this appeal is prosecuted. *Affirmed.*

*J. E. Williamson, Pickens, Moores, Davidson & Pickens* and *Geo. H. Fearons,* for appellant.
*Philip W. Frey* and *G. R. DeBruler,* for appellees.

LAIRY, J.—This action was brought by appellant company to condemn and appropriate a right of way for its telegraph poles and wires longitudinally upon the right of way of appellee, South, East and St. Louis Railway Company operated by the Louisville and Nashville Railroad Company. The action was filed in the Vanderburgh Circuit

260  .  SUPREME COURT OF INDIANA,

Western Union Tel. Co. *v.* Louisville, etc., R. Co.—183 Ind. 258.

Court and affects that portion of the right of way which lies within Vanderburgh County. Appellees filed a number of objections; and, after hearing the evidence the court sustained the third, fifth, sixth, eleventh and thirteenth specifications of objection, and refused to appoint appraisers. The right of appellant to condemn the land described in its complaint for the purpose designated was thus denied. Appellant filed a motion for a new trial which was overruled.

The several alleged errors assigned and relied on for reversal present in different forms only a single question, and that is the right of appellant, under the pleadings and the proof to condemn the real estate described in the complaint.

By the statutes of this State, a telegraph company has a right to avail itself of the writ of assessment of damages for the purpose of acquiring land for the location 1. and maintenance of its necessary poles and lines. §§5770, 929 Burns 1914, §4166 R. S. 1881, Acts 1905 p. 59. It is well settled that where land has been once appropriated to an important public use, the power of eminent domain can not be invoked for the purpose of taking it for a second public use which is wholly inconsistent with the former and which would entirely supersede and destroy the use to which the land is already devoted, unless there is a statute expressly conferring such right, or from which such right arises by necessary inference. *City of Ft. Wayne* v. *Lake Shore, etc., R. Co.* (1892), 132 Ind. 558, 32 N. E. 215, 32 Am. St. 277, 18 L. R. A. 367; *City of Valparaiso* v. *Chicago, etc., R. Co.* (1890), 123 Ind. 467, 24 N. E. 249; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 54 N. E. 802. It seems to be equally well settled that a right to condemn conferred by a general statute authorizes, by implication, the second or subsequent appropriation of land already devoted to a public use in cases where such subsequent use is not inconsistent with

MAY TERM, 1915. 261

Western Union Tel. Co. v. Louisville, etc., R. Co.—183 Ind. 258.

the former and where such subsequent use is of such a character that it will not interfere with the use to which such land is already devoted. *Cincinnati, etc., R. Co.* v. *City of Anderson* (1894), 139 Ind. 490, 38 N. E. 167, 47 Am. St. 285; *Postal Tel., etc., Co.* v. *Chicago, etc., R. Co.* (1903), 30 Ind. App. 654, 66 N. E. 919; *Baltimore, etc., R. Co.* v. *Board, etc.* (1901), 156 Ind. 260, 58 N. E. 937, 59 N. E. 856.

The interference of a proposed subsequent use may be so complete and absolute as to entirely destroy and supersede such former use, or it may be so slight as to be merely nominal, occasioning no inconvenience whatever. In either case there is no doubt as to the law with respect to a subsequent condemnation. In the first instance, the right to condemn does not exist unless it is conferred by statute, either expressly or by necessary implication; and, in the second instance, the right to condemn is inferred from a statute giving general authority to condemn. Between a slight and inconsiderable interference on the one hand and an interference which is so complete and absolute as to entirely destroy and supersede a former use on the other, cases may be found presenting all shades and degrees of interference and inconvenience. In cases where the subsequent use for which the appropriation is sought is not of such a character as to destroy the former use but is of such a character as to interfere with it to a greater or less extent, the rule is not so apparent. Under the authorities it seems that a slight or inconsiderable interference with a former use may be compensated in damages and the appropriation allowed; and, that where the interference and inconvenience which would result are material and substantial, damages can not be awarded and the right to condemn does not exist; but our investigation has not disclosed any case in which a court has attempted to fix a standard by which the degree of interference or inconvenience can be measured so as to determine with accuracy when the degree of interference and inconvenience passes the stage where it can be.

262        SUPREME COURT OF INDIANA,

Western Union Tel. Co. *v.* Louisville, etc., R. Co.—183 Ind. 253.

compensated in damages and becomes so substantial and material as to preclude the right of a second appropriation. For the reason stated each case must depend largely on the particular facts involved, and little assistance can be gained from an examination of text books or decided cases.

By the refusal of the trial court to appoint appraisers in this case, it decided from the evidence admitted under the objections filed that the construction and maintenance of a line of poles and telegraph wires over that part of the railroad right of way sought to be condemned, would constitute a substantial and material interference with the use of such right of way for railroad purposes. The issue is fairly presented by the fifth and eleventh objections filed and the finding of the trial court must be sustained on appeal if there is some evidence to support it. As this court has no power to weigh conflicting evidence, it can consider only the evidence most favorable to appellee in passing upon the question thus presented.

The right of way over which appellant seeks to acquire the right to construct and maintain its telegraph line extends from the city of Evansville to a point near Howell where there is a Y. From this dividing point one part of the right of way extends down the Ohio River on the north side to a bridge where it crosses to Henderson, Kentucky. From this Y another part of the right of way extends in a westerly direction through Posey County to and beyond the Wabash River. The evidence shows that this right of way varies in width from over 100 feet at the widest places to from 50 to 75 feet at the narrowest. From Evansville to Howell there is a double track and on the other parts of the right of way there is a single track and the tracks are located near the center of the right of way. At the time of the trial there was a line of poles and wires located on the right of way which had been operated by the Western Union Telegraph Com-

pany of New York under a contract which had expired or which was about to expire, and it was the purpose of appellant by this proceeding to acquire the right to construct and maintain its pole line in practically the same location on the right of way as that occupied by the existing pole line. There is evidence to show that the proper operation of trains upon the railway requires that telegraph or telephone lines should be constructed and maintained by the company operating the railroad and that the operating company contemplated in the near future the installing and maintaining of an automatic electric signal system. The evidence relating to the inconvenience which an additional line of poles would occasion, and the extent to which such a line of poles and wires would interfere with the successful operation of the railroad by injuring and impairing the efficiency of the system of signals and by otherwise impeding the operation of trains and rendering the service less safe and convenient, is conflicting; but the evidence most favorable to appellee shows a state of facts from which the trial court was justified in drawing the inference that the construction and maintenance of such a line of poles and wires would constitute a material and substantial interference with the public use to which the right of way in question was already devoted. Where an ultimate material fact is to be inferred from other facts proved it

4. is the province of the court or jury trying the facts to draw the inference and thus to find the ultimate fact. When the facts upon which the inference is based are of such a nature that reasonable minds might rightly draw opposite inferences therefrom, this court can not say that the fact found as a result of such inference is not sustained by evidence. That can be done only in cases where the facts are undisputed and where the verdict of the jury or the finding of the trial court is opposed to the only inference that can be rightly and reasonably drawn from such facts.

*Speck* v. *Kenoyer* (1905), 164 Ind. 431, 73 N. E. 896; *Louisville, etc., R. Co.* v. *Berry* (1894), 9 Ind. App. 63, 35 N. E. 565, 36 N. E. 646.

In view of the conclusion we have reached, other questions presented need not be considered. Judgment affirmed.

NOTE.—Reported in 108 N. E. 951. As to right to take for public use lands already taken for a public use by others, see 40 Am. Rep. 748. As to condemnation of right of way for telegraph or telephone lines along railroad right of way, see 42 L. R. A. (N. S.) 225. As to the right of a municipality to condemn railroad property for municipal purposes, see Ann. Cas. 1913 E 163. See, also, under (1) 15 Cyc. 625, 612, 614; (2, 4) 3 Cyc. 360; (3) 15 Cyc. 956; 3 Cyc. 360.