AYRES *v.* LUCAS ET AL.

[No. 17,374.   Filed November 2, 1945.   Rehearing Denied
December 10, 1945.   Transfer Denied March 5, 1946.]

432

*O. B. Hanger* and *Connor D. Ross*, both of Indianapolis, and *Paul R. Benson*, of New Castle, for appellant.

*A. T. Conner*, of Columbus, for appellees.

DRAPER, J.—The appellant brought this action to enjoin appellees from interfering with his removal of a pipe-line laid under the surface of appellee's land. He was unsuccessful below, and appeals from the overruling of his motion for new trial, which specifies (1) that the decision is not sustained by sufficient evidence and (2) it is contrary to law.

The first specification of the motion for new trial is inappropriate and presents no question. The second is sufficient to raise a question under (2) above. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905; *McKee* v. *Mutual Life Ins. Co. of N. Y.* (1943), 222 Ind. 10, 51 N. E. (2d) 474; *Dept. of Ins. etc.* v. *Indiana Trav. Assur. Co.* (1945), ante, p. 285, 58 N. E. (2d) 761.

In 1898 one Carmichael, who then owned the land, conveyed to appellant's remote assignor "the right to lay, maintain, operate and remove a pipe-line" on the land in question. The line was laid shortly after the execution of the instrument, which was never recorded. In 1919 appellees contracted to purchase the land from Carmichael for a valuable consideration, and in 1920 they received title by warranty deed pursuant to the terms of the contract, took possession and have ever since retained it. Neither the purchase contract nor the deed referred in any way to the right of way grant.

The complaint is in two paragraphs, the theory of each being that although the right of way grant was not recorded, the appellees are nevertheless bound by it because they bought the land with knowledge that the

pipe-line was located there, and because they knew, or in the exercise of due care should have known, of the existence of the right of way grant.

In their answer to the first paragraph of complaint the appellees, in addition to several rhetorical paragraphs admitting or denying the allegations of the complaint, pleaded as a separate rhetorical paragraph, by way of "further and additional answer," title in themselves by adverse possession. In the first paragraph of their answer to the second paragraph of complaint the appellees denied the controverted allegations thereof, and filed a separate paragraph of answer, pleading that the appellant had abandoned the pipe-line. Their answer to the first paragraph of complaint was filed while the 1940 Revision of Rule 1-3 was in effect, their second while the 1943 Revision thereof was effective.

The appellees offered no evidence to support their allegation of title by adverse possession or abandonment, and they do not rely upon either of those propositions here. Instead they rely entirely on the appellant's alleged failure to prove the allegations of his complaint, particularly with reference to knowledge on their part, actual or imputed. The appellant asserts, however, that these affirmative answers necessarily embrace an admission of knowledge, on the part of the appellees, of the location of the pipe-line, which admission must, as a matter of pleading, prevail over the pleaded denial of such knowledge.

Section 2-1006, Burns' 1933, provides that a party may state in his answer, in separate paragraphs thereof, as many defenses as he may deem he has. Inconsistent defenses may be so pleaded, and admissions made in an affirmative paragraph of answer, pleaded along with denials of the allegations of the complaint pleaded in a different paragraph of answer,

cannot be taken as admissions to relieve the plaintiff of the burden placed upon him by the denials. *Ray* v. *Moore, Admr.* (1900), 24 Ind. App. 480, 56 N. E. 937; *Graves* v. *Garard* (1909), 44 Ind. App. 712, 90 N. E. 22; *Fudge* v. *Marquell* (1905), 164 Ind. 447, 72 N. E. 565, 73 N. E. 895; Watson's Works, Vol. 1, § 580. Appellee's rhetorical paragraph of answer of title by adverse possession, though cast among other rhetorical paragraphs denying the allegations of the complaint, was a paragraph complete within itself and contained no denials of any facts alleged in the complaint. This method of pleading was not forbidden under the 1940 Revision of Rule 1-3, and affords no ground for relieving appellant from the burden of proving the denied allegations of his complaint. Neither does the separate paragraph pleading abandonment have that effect.

Under the authorities first cited, the only question presented is that the decision is contrary to law because the evidence entitled the appellant to relief which the decision of the trial court denied him. The evidence is highly conflicting and we may not weigh it. That most favorable to the appellees shows that when they took title to the land they had no actual or constructive knowledge of the presence of the pipeline, and it further shows that the physical conditions were not such as to disclose its existence or put the appellees upon inquiry, unless the circumstances admitted by the appellees to have been known to them were sufficient for that purpose. All other facts and circumstances being denied, they nevertheless admitted they saw gas fixtures in ·place in the house before they bought the place, and were told that gas was piped into them. After they had received their deed and moved in, the appellees' saw a flat metal disk on the ground about ten feet from the house in the direction of the

barn. This disk was used in connection with the service line into the house. They thereafter used and paid for gas for several years.

The theory of appellant's complaint, upon which he must recover, if at all, is that the appellees took with knowledge, actual or imputed, of the rights of the appellant. We, therefore, proceed to a consideration of the facts admittedly known to the appellees at that time, which facts are that the fixtures were in place in the house and that gas was piped into them.

We cannot say that the appellant is entitled to the relief demanded in his complaint, unless the decision of the trial court is opposed to these admitted facts, or is opposed to the only inference that could rightly and reasonably be drawn from them. *Western Union Tel. Co.* v. *Louisville, etc. R. Co.* (1915), 183 Ind. 258, 108 N. E. 951.

Neither of the appellees had ever used or had any experience with gas. Nevertheless, they had inspected the fields, and knew that no gas was produced on the place. The fact that gas was piped into the house would necessarily indicate that it came from somewhere off the premises, and would indicate the presence somewhere of a main pipe-line. The residence was located on a public highway, and it is common and perhaps usual for such lines to be laid under a part of the right of way. The presence of the gas in the house, standing alone and unaccompanied by any visible signs of the presence on the land of the main pipe-line, was not, in our opinion, sufficient to charge appellees with the knowledge that the main pipe-line was under the surface of their land, nor was it, in our opinion, sufficient to put a reasonably prudent man upon inquiry, and so charge the appellees with knowledge of facts which an inquiry conducted with reason-

able care and diligence would have disclosed. See *Mahoney* v. *Gano* (1891), 2 Ind. App. 107, 27 N. E. 315.

Under the evidence the court was justified in finding that the appellees were *bona-fide* purchasers for value and without notice, actual or constructive, of the presence of the pipe-line, to say nothing of appellant's right to remove it, and that they took the land free from his right to do so. 27 R. C. L., p. 686, § 451; Pomeroy's Equity Jurisprudence, 5th Ed., Vol. 3, § 767, p. 88.

Judgment affirmed.

Bowen, J. not participating.

NOTE.—Reported in 63 N. E. (2d) 204.